OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On June 27, 1972, the City Department of Highways placed a violation on defendant’s premises, stating that the abutting sidewalk was in need of repair. (New York City Charter former § 230 provided that if a property owner failed to cure a violation the City could then make the required repairs at the owner’s expense.) Defendant responded to the City’s notice by letter dated July 10, 1972, as follows:
"We have erected a fence and repaired the sidewalk so as to be in a safe condition. We intend to start construction at the said site within the next year and shall until then and during the entire course of construction maintain the sidewalk in a safe condition.
"Upon completion of our building the sidewalk will be completely reconstructed. We request the City of New York not to proceed with any work as outlined on the violation since such work would of necessity be destroyed at the start of construction.”
Approximately two years later, still during defendant’s construction, a pedestrian was injured when he fell on a broken sidewalk. In the subsequent personal injury action against the City and defendant’s affiliate (the construction contractor), the City alone was held liable for breach of its statutory duty to maintain the sidewalks, and it paid the full amount of the judgment to plaintiff. The City thereafter brought this action against defendant for indemnification. Special Term granted the City’s motion for summary judgment and a divided Appellate Division affirmed. We agree with the Appellate Division majority that, in the particular circumstances before us, the City should be permitted to recover from defendant the full amount of the judgment it paid to plaintiff.
It bears emphasis that the issue before us is limited to who, as between the City and this property owner, should ultimately pay plaintiffs judgment. This case in no way affects either the injured plaintiff, who has already been fully com *959 pensated by the City, or the City’s nondelegable duty to maintain its sidewalks, a duty the City concedes. Nor does our holding countenance the City’s breach, as found after trial, of its obligation to maintain its streets in safe condition, or inject any disincentive to performance of that duty. We consider only the narrow circumstances of this property owner’s explicit resistance to the City’s initiation of the repair process, coupled with an assumption of that responsibility and a request for municipal forbearance.
Defendant’s insistence now that the City must share payment of the judgment, instead of indemnifying the City in the whole amount, requires us to ignore defendant’s letter, written in response to the City’s initiation of action to repair the street by service of a violation notice under New York City Charter § 230, unequivocally assuming responsibility to repair and maintain the sidewalk in a safe condition during its construction project. Closely akin to the present situation is Rogers v Dorchester Assocs. (32 NY2d 553), in which we held that a building owner was entitled to indemnification from a company that undertook to inspect, maintain and repair elevator equipment that malfunctioned and injured plaintiff. The building owner’s nondelegable duty to maintain the premises in a safe condition — presenting the same policy considerations as the City’s nondelegable duty to maintain the sidewalks — was not a bar to indemnification by the party who had explicitly assumed that duty (id., at 563).
This case is materially different from either D’Ambrosio v City of New York (55 NY2d 454, 460) or Guzman v Haven Plaza Hous. Dev. Fund Co. (69 NY2d 559). In neither case did one party actually begin action to make certain stated repairs (as evidenced by the City’s violation notice) and in response receive the explicit undertaking of the landowner that it would do so. By denying a right of indemnification in the circumstances presented, the dissent would extend the law beyond any previous decision of this court, and would effectively preclude implied indemnification whenever a nondelegable duty is involved — the very situation when implied indemnification is likely most necessary. There being no legal or policy impediment to an affirmance here, we conclude that the law sensibly should give effect to the particular dealings between the City and this landowner.
Finally, on this record we must reject defendant’s assertion that the City is barred from recovery because it failed to establish an adequate defense of the personal injury action. *960 Defendant fails to identify any error in the findings made by Special Term, upon a review of the trial transcript, that an adequate defense was presented.