OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, in accordance with this memorandum and, as so modified, affirmed.
The injured plaintiff, an employee of Van Petty Excavating, Inc., fell from an upright steel mold that he was preparing during his customary occupational work of fabricating a concrete septic tank (see, 176 AD2d 6, 7-8, for detailed recitation of facts). The accident happened in a building owned by defendant Fien and leased to defendant Van Petty, whose business included the manufacture of septic tanks.
*967 The injured plaintiff and his spouse sued, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). All plaintiffs and defendants made motions for summary judgment, which Supreme Court denied. On cross appeals, the Appellate Division unanimously modified by granting defendants’ motions and dismissing the complaints. It held that the injured plaintiff was not engaged in any activity protected under Labor Law §§ 200, 240 (1) or § 241 (6), and that plaintiffs failed to state any cause of action. That Court added that the injured plaintiff was engaged in a normal manufacturing process, which is "outside the scope of Labor Law §§ 200, 240 (1) and 241 (6) and is instead covered under article 11 of the Labor Law and more specifically section 316, which applies to owners and occupiers of 'factories’ [which] buildings are specifically excluded from provisions of the Labor Law affecting structural changes and alterations [by] Labor Law § 2 (9)” (176 AD2d 6, 9, supra). This Court granted plaintiffs’ motion for leave to appeal.
We now modify by reinstating only the Labor Law § 200 cause of action, which codifies the common-law duty of an owner or employer to provide employees with a safe place to work (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 577; Allen v Cloutier Constr. Corp., 44 NY2d 290, 299, rearg denied 45 NY2d 776), and remitting to Supreme Court for further proceedings as to that cause of action. Section 200 (1) covers "[a]ll places to which [the Labor Law] applies,” which may include factories (see, Labor Law § 2 [9], [10]; see also, Labor Law art 11). It requires those places to be "so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety” of employees (Labor Law § 200 [1]). It also requires all machinery equipment and devices in such places to be "placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons” (Labor Law § 200 [1]). Inasmuch as section 200 is not limited to construction work and does not exclude employees engaged in normal manufacturing processes, as all counsel appeared to acknowledge at oral argument, plaintiffs’ cause of action in that regard should not have been dismissed.
We do not agree with plaintiffs-appellants, however, that the Appellate Division erred in dismissing plaintiffs’ other Labor Law causes of action. Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for protection to workers subject to the risks inherent in elevated *968 work sites who sustain injuries proximately caused by that failure (see, Rocovich v Consolidated Edison Co., 78 NY2d 509; see also, Lombardi v Stout, 80 NY2d 290 [decided today]; Bland v Manocherian, 66 NY2d 452, 459; Zimmer v Chemung County Performing Arts, 65 NY2d 513, rearg denied 65 NY2d 1054). Also, Labor Law § 241 (6) requires contractors and owners to provide "reasonable and adequate protection and safety” to employees working in, and persons lawfully frequenting, "[a]ll areas in which construction, excavation or demolition work is being performed”. At the time of the accident, the injured plaintiff was not engaged in any construction or sewer project and was not involved in renovation or alteration work on the factory. His work fabricating the molds during the normal manufacturing process did not involve "erection, demolition, repairing, altering, painting, cleaning or pointing” (Labor Law § 240 [1]), or "construction” or "excavation” work (Labor Law § 241 [6]; see also, 12 NYCRR 23-1.4 [b] [13]). Thus, he was not engaged in an activity protected under Labor Law § 240 (1) or § 241 (6), which subject contractors and owners to absolute strict liability.
Because we resolve the Labor Law § 240 (1) and § 241 (6) causes of action on narrower grounds than the Appellate Division did, there is no need to pass on the broader and still open issue of whether Labor Law §2 (9) renders article 11, specifically section 316, as the exclusive remedy for such situations.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in memorandum; Judge Smith taking no part.
Order modified, etc.