■ Robert E. Williams, Respondent, v G.H. Development and Construction Company, Inc., Defendant and Third-Party Plaintiff-Appellant. Thomas Galentino et al., Third-Party Defendants-Respondents; Fava Plumbing & Heating, Inc., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And a Fourth-Party Action.) [672 NYS2d 937] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered July 11, 1997 in Warren County, which, *inter alia*, denied a

cross motion by defendant for summary judgment dismissing the complaint.

Plaintiff was employed by third-party defendant F. W. Webb Company (hereinafter Webb), a plumbing and heating supply company. Plaintiff took orders from and delivered items to Webb customers. On the day of the accident, plaintiff was delivering a tub and shower unit to third-party defendant Fava Plumbing & Heating, Inc. at the Green Harbor site for installation in a one-family living unit being built for third-party defendants Thomas Galentino and K & G Development Corporation in the Town of Lake George, Warren County. A Fava employee assisted plaintiff in carrying the unit into the house where plaintiff fell down a basement stairwell unprotected by railings. Galentino was the contract-vendee of the property. Galentino and K & G Development (whose sole shareholder was Galentino) hired fourth-party defendants, John J. Abele, Jr. and Abele Management and Development Corporation, to build the unit. Work commenced on the home before title to the property was transferred to Galentino.

Plaintiff sued only defendant, the owner of the property, for damages under Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. Defendant commenced third-party actions against Galentino, Webb, Fava and K & G Development alleging that any claims were properly against the third-party defendants and not against defendant, and alternatively sought indemnification and/or contribution. Galentino and K & G Development then commenced a fourth-party action against Abele and Abele Management claiming that the claims were properly against them and, in the alternative, sought indemnification and/or contribution. Plaintiff moved for partial summary judgment regarding defendant's liability under Labor Law § 240 (1). Defendant opposed plaintiff's motion and cross-moved for summary judgment dismissing the complaint or, in the alternative, for indemnification against the third and fourth-party defendants on the Labor Law §§ 200, 240 (1) and § 241 (6) claims and on the common-law negligence claim. Webb opposed the motion as being made not by a party to the action against it. Fava opposed the motion noting that plaintiff failed to state a claim against it and cross-moved for summary judgment dismissing the third-party complaint.

Supreme Court denied plaintiff's motion pursuant to Labor Law § 240 (1), finding that an elevation risk was not involved herein. The court denied the remainder of defendant's cross motion for summary judgment regarding the Labor Law §§ 200 and 241 (6) claims and the common-law negligence claim. All

issues as to indemnification were held to be premature including Fava's cross motion. Defendant and Fava appeal.

We conclude that Supreme Court correctly denied defendant's cross motion under Labor Law § 241 (6). The statute "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878). Under 12 NYCRR 23-1.7 (b) (1) (i), all stairwell openings on construction sites must be covered or protected by safety railings. When a landowner violates a particular regulatory requirement of the Industrial Code, liability under Labor Law § 241 (6) is implicated (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505). It is undisputed that the stairwell was unprotected. As the owner, defendant thus violated a specific requirement of the code and was liable to plaintiff under Labor Law § 241 (6).

We find no merit in defendant's contention that plaintiff was not afforded the statute's protection because he was not employed in construction on the premises. Labor Law § 241 (6) applies to workers and all those lawfully frequenting the construction site. A " 'plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent' " to enjoy the statute's protection (*Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577, quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971). Plaintiff was involved in an activity integral to the construction of the building. The bath unit had to be delivered to the site preliminary to its affixation to the building. Under these circumstances, plaintiff was protected by the statute (*see, Walton v Devi Corp.*, 215 AD2d 60, 62, *lv denied* 87 NY2d 809; *Cox v La-Barge Bros. Co.*, 154 AD2d 947, *lv dismissed* 75 NY2d 808).

On the question of Supreme Court's denial of defendant's cross motion for dismissal of the cause of action under common-law negligence or Labor Law § 200, no liability attaches where there is no showing of authority to control the injury-producing activity by defendant (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877, *supra*). Plaintiff commenced this action against the record owner (defendant) yet failed to join the contract-vendee (Galentino), who entered into the construction agreement with Abele, obtained a building permit, began building and exercised the authority of a general contractor. Since defendant did not participate in the construction of the single family unit at Green Harbour and did not exercise any control over the construction, Supreme Court erred in failing to

grant defendant's cross motion for summary judgment dismissing the Labor Law § 200 and the common-law negligence causes of action.

On the issue of Fava's cross motion for summary judgment dismissing the third-party complaint against it which was denied by Supreme Court, we also disagree. The undisputed facts indicate that Fava neither contributed to plaintiff's injury nor controlled or supervised work at the site as a plumbing subcontractor. It was the first day of Fava's work at the site. Fava's employee, Steven Kujan, arrived at the site just before plaintiff. Although he assisted plaintiff by carrying the unit in, this did not constitute either control of the work site or contribution to the cause of plaintiff's injury. Therefore, Supreme Court should have granted Fava's motion to dismiss defendant's third-party claim against it.

Finally, we concur with Supreme Court's determination that defendant's request for indemnification was premature and thus properly denied except as to Fava, against whom dismissal should have been granted for the reasons previously stated. There was no express agreement in the record regarding indemnification between any of the parties. Further, plaintiff has not yet prevailed either by motion of after jury deliberation on its complaint. The liability of the various parties remains unclear. In view of this indemnification was properly denied (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 470, n 2).

Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion regarding plaintiff's Labor Law § 200 and common-law negligence causes of action, and as denied third-party defendant Fava Plumbing & Heating, Inc.'s cross motion for summary judgment; cross motions granted to the extent indicated and said causes of action are dismissed; and, as so modified, affirmed.