■ KATHLEEN M. CLAYPOOL et al., as Coexecutors of JOYCE LICHT, Deceased, Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and FLORENCE AARON et al., as Coexecutors of SOLOMON AARON, Deceased, et al., Respondents, et al., Defendant. [699 NYS2d 363] —Order, Supreme Court, New York County (Joan Madden, J.), entered February 11, 1998, which, insofar as appealed from, granted a motion for summary judgment made by defendants-respondents Florence Aaron and Andy Aaron, as Executors of the Estate of Solomon Aaron,

Freda Aaron and Sherry Lehman, Inc., dismissing the complaint and cross claims against them, and which denied a motion for summary judgment made by defendant-respondent-appellant City of New York, unanimously modified, on the law, to the extent of reinstating the cross claim of defendant City of New York and, except as so modified, affirmed, without costs.

Plaintiffs' decedent, Joyce Licht, sustained injury on or about June 19, 1990 when her shoe became caught in a narrow depression between metal cellar doors and the edge of a ventilator cover, causing her to fall. These obstructions were set into the sidewalk in front of a building located at 679 Madison Avenue. The premises were owned by defendants Solomon Aaron (now deceased) and Freda Aaron and were operated as a liquor store business by defendant Sherry Lehman, Inc., the tenant. Plaintiffs' decedent filed a notice of claim against the City of New York on September 17, 1990. Prior to commencing this action, decedent testified at an examination conducted pursuant to General Municipal Law § 50-h on February 1, 1991.

On or about March 4, 1991, decedent Licht commenced this action against the property owners, Solomon and Freda Aaron, and the tenant in control of the premises, Sherry Lehman, Inc. (collectively, the Aaron defendants) as well as the City of New York. Upon her death in November 1992, Joyce Licht's daughters, Kathleen Mary Claypool and Lise Claypool, executors of her estate, were substituted as plaintiffs. Decedent's executors gave testimony at a deposition conducted on December 13, 1996, at which each conceded that she did not witness the accident. It is undisputed that the Aaron defendants had not been notified of the February 1991 General Municipal Law § 50-h hearing and were not present for the testimony given by plaintiffs' decedent.

Defendant City of New York, in its answer, interposed a cross claim against the Aaron defendants.* In May 1997, the Aaron defendants and the City each brought motions to dismiss the claims and cross claims against them pursuant to CPLR 3212. Supreme Court denied the City's motion, finding that it has a nondelegable duty to maintain public sidewalks in reasonably safe condition. The court granted the motion by the Aaron defendants, holding that, as to them, decedent's testimony at the General Municipal Law § 50-h hearing is inadmissible hearsay that cannot be used to support the allegations of the complaint.

On appeal, plaintiffs, in support of their claim, and the City,

* New York Telephone Company, although named as a defendant in the complaint, was never served with a summons.

in support of its cross-claim, both rely on General Municipal Law § 50-h (4), which provides, "A transcript of the testimony taken at an examination pursuant to the provisions of this section may be read in evidence by either party, in an action founded upon the claim in connection with which it was taken, at the trial thereof or upon assessment of damages or upon motion." The Aaron defendants counter that this provision is applicable only to the parties to the action brought pursuant to General Municipal Law § 50-e who were present at the hearing. In any event, they contend, the General Municipal Law provision is not meant to supplant the rules of evidence reflected in CPLR 3117 governing the use that may be made of the transcript at trial. CPLR 3117 (a) (3) provides, as pertinent here, that a deposition may be used "by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had the notice required under these rules, provided the court finds: (i) that the witness is dead". Since they were not notified and were not present at the hearing, the Aaron defendants contend that the transcript may not be used against them by either plaintiffs or the City of New York.

We agree that the transcript may not be used against the Aaron defendants by plaintiffs to establish liability for decedent's personal injury. Proof or testimony that constitutes hearsay is admissible as evidence in chief only if a hearsay exception is available (*United Bank v Cambridge Sporting Goods*, 41 NY2d 254, 264 [1976]). The transcript of the General Municipal Law § 50-h hearing is admissible against the City pursuant to CPLR 3117 (a) (3) as a party that attended the examination (General Municipal Law § 50-h [4]).

The cross claim asserted by the City against the Aaron defendants, however, is available as a matter of law (CPLR 3019 [b]) and is therefore based upon a distinct ground. While, as Supreme Court observed, the City has a nondelegable duty to maintain the sidewalk, its duty is merely secondary to the primary liability of the Aaron defendants. In opposition to the respective applications for summary judgment, plaintiffs submitted the affidavit of an expert witness stating that the ventilator cover and the cellar doors, which were unused and welded shut, represent hazards that should have been removed from the sidewalk. These appurtenances, plaintiffs note, are clearly for the benefit of the landowner, and this "special use" of the sidewalk requires the owner of the premises to maintain the public thoroughfare in safe condition (*City of New York v Kalikow Realty Co.*, 71 NY2d 957, 959; *D'Ambrosio v City of*

*New York*, 55 NY2d 454, 462-463; *Otero v City of New York*, 213 AD2d 339, 339-340). The submissions on the summary judgment motion are sufficient to raise a question of fact as to whether the Aaron defendants, as property owners and tenant, are answerable to defendant City of New York on its cross claim for such damages as may be assessed against the City on the ground that the sidewalk was negligently maintained (*Hausser v Giunta*, 88 NY2d 449, 452-453). Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.