■ Alfreda Thomas et al., Plaintiffs, v Euclid Avenue Associates et al., Defendants and Third-Party Plaintiffs-

Appellants, and WILLIAMS ELEVATOR COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. CITY OF NEW YORK et al., Third-Party Defendants-Respondents; ANCHORAGE WOODS, INC., et al., Third-Party Defendants-Appellants. [703 NYS2d 227] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs Euclid Avenue Associates, N. Hilton Rosen, Donald Stein, and Robert Bernard, and the second third-party defendants Omnibus Management and Anchorage Woods, Inc., appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 28, 1998, as denied their motion for summary judgment for indemnification against the third-party defendants, City of New York and City of New York Department of Social Services, and the defendant second third-party plaintiff, Williams Elevator Company, Inc., and granted the cross motion of the third-party defendants for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs were allegedly injured when an elevator in a building owned by the defendant third-party plaintiff Euclid Avenue Associates (hereinafter Euclid) fell suddenly. Euclid had a service agreement with the defendant second third-party plaintiff, Williams Elevator Company, Inc. (hereinafter Williams) obligating Williams to maintain the elevator, but exempting it from responsibility for certain items of equipment. The agreement stated that Williams did not assume liability for accidents not resulting from its own negligence.

The cause of the alleged accident has not yet been determined. There is an issue of fact as to whether the accident was caused by equipment for which Williams was not responsible pursuant to the service agreement. Under these circumstances, the Supreme Court properly denied the motion for summary judgment against Williams (see, O'Neill v Mildac Props., 162 AD2d 441).

However, the Supreme Court improperly granted summary judgment to the third-party defendants City of New York and City of New York Department of Social Services (hereafter the City), which leased from Euclid the building where the accident occurred. The lease between Euclid and the City included a broad indemnity clause requiring that the City indemnify Euclid for any liability arising on the premises,

except if "caused by Landlord's negligence". If the accident was not a result of Euclid's negligence, Euclid could still be vicariously liable (*see, City of New York v Kalikow Realty Co.,* 71 NY2d 957; *June v Zikakis Chevrolet,* 199 AD2d 907; *Thomassen v J & K Diner,* 152 AD2d 421). If Euclid is required to pay damages as a result of vicarious liability, the broad indemnification cause of the lease would apply (*see generally, Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153). Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.