[705 NYS2d 106]

David LaClair et al., Appellants, v Shelly Electric, Inc., Respondent. (And a Third-Party Action). (Action No. 1.)

David LaClair et al., Appellants, v Chester G. Bisnett, Respondent. (Action No. 2.)

Third Department, March 16, 2000

APPEARANCES OF COUNSEL

*Fischer,. Bessette & Muldowney, L. L. P.,* Malone (*James P. Bessette* of counsel), for appellants.

*Coulter, Fraser, Bolton, Bird & Ventre,* Syracuse (*P. David Twichell* of counsel), for Shelly Electric, Inc., respondent.

*Hancock & Estabrook,* Syracuse (*Janet D. Callahan* of counsel), for Chester G. Bisnett, respondent.

## OPINION OF THE COURT

MERCURE, J. P.

In December 1993, Waste Stream Management, Inc. (hereinafter WSM) operated a waste management facility on property in the Village of Potsdam, St. Lawrence County, that it leased from defendant Chester G. Bisnett. Plaintiff David LaClair (hereinafter plaintiff) was employed by WSM as a truck driver. WSM's office building fronted on a macadam parking area, and a truck scale (used to weigh trucks hauling waste to the facility) was situated near the building. Because an underground access pit housing some of the truck scale machinery was prone to flooding, WSM decided to install a sump pump in the pit; in that connection, WSM engaged defendant Shelly Electric, Inc. to install electrical service to the area. In order to permit access to the pit, a steel plate that served as a cover was removed. At a time when Shelly's employee was occupied elsewhere and the pit opening was covered by a sheet of rigid insulation, plaintiff walked from his truck across the parking area toward the office building. In the process, he stepped on the sheet of insulation, which broke, and he fell into the pit, sustaining the injuries forming the basis for this action.

Plaintiffs brought separate actions against Shelly (action No. 1) and Bisnett (action No. 2) alleging their common-law negligence and violation of Labor Law §§ 200, 240 (1) and § 241 (6) and (8). The actions were joined for trial. Following joinder of issue and discovery, plaintiffs moved for summary judgment on their Labor Law § 240 (1) causes of action and for leave to amend their bills of particulars so as to allege the violation of

additional Industrial Code provisions in support of their causes of action under Labor Law § 241. Shelly cross-moved for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) and Bisnett cross-moved for summary judgment dismissing all causes of action against him. Supreme Court denied plaintiffs' motion and granted both defendants' cross motions. Plaintiffs appeal.[1]

We affirm. Initially, we conclude that Supreme Court did not err in dismissing the causes of action alleging defendants' violation of Labor Law § 241 (6). As the Court of Appeals held in *Mordkofsky v V.C.V. Dev. Corp.* (76 NY2d 573) and reiterated in *Gibson v Worthington Div. of McGraw-Edison Co.* (78 NY2d 1108) and *Jock v Fien* (80 NY2d 965), because plaintiff was not engaged in any "construction, excavation or demolition work" (Labor Law § 241 [6]), he was not engaged in any activity protected under Labor Law § 241 (6), which subjects contractors and owners to "absolute strict liability" (*Jock v Fien, supra,* at 968; *see, Mordkofsky v V.C.V. Dev. Corp., supra,* at 577).

The causes of action pursuant to Labor Law § 241 (8)[2] are only slightly more problematic. In the absence of any reported case interpreting that statutory provision, we question whether it was intended to create a cause of action. In fact, relevant legislative history tends to indicate that the sole purpose for the addition of subdivision (8) to Labor Law § 241 in 1974 (*see,* L 1974, ch 754) was to protect the public by the enactment of safety regulations (*see,* Sponsor's Mem, Bill Jacket, L 1974, ch 754; Mem of Dept of Labor, Bill Jacket, L 1974, ch 754). Further, plaintiffs have not established a violation of any regulation promulgated pursuant to Labor Law § 241 (8). Notably, 12 NYCRR 23-1.7 and 23-1.15, the Industrial Code provisions presently relied upon by plaintiffs, predate the enactment of Labor Law § 241 (8). Finally, the Court of Appeals has explicitly held that nonworkers are not "entitled to the protec-

---

**1.** We note that plaintiffs do not challenge Supreme Court's dismissal of their Labor Law § 240 (1) causes of action against both defendants and their common-law negligence and Labor Law § 200 causes of action against Bisnett.

**2.** Labor Law § 241 (8) provides: "The commissioner, as deemed necessary, shall promulgate rules designed for the purpose of providing for the reasonable and adequate protection and safety of persons passing by all areas, buildings or structures in which construction, excavation or demolition work is being performed, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith. The provisions of this subdivision shall not apply to cities having a population of one million or more."

tion afforded by the 'flat and unvarying duty' imposed by the Labor Law" (*Mordkofsky v V.C.V. Dev. Corp., supra,* at 577).

CREW III, PETERS, SPAIN and MUGGLIN, JJ., concur.

Ordered that the order is affirmed, without costs.