■ KIM BLYSMA et al., Respondents, v COUNTY OF SARATOGA et al., Appellants, and U.W. MARX CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Appellant. JOHN V. WARREN INC., Third-Party Defendant-Appellant-Respondent. [744 NYS2d 564] —Carpinello, J. Appeal from an order of the Supreme Court (Williams, J.), entered October 3, 2001 in Saratoga County, which, inter alia, denied a cross motion by defendants County of Saratoga and Saratoga County Sewer District No. 1 for partial summary judgment dismissing the Labor Law § 241 (6) cause of action against them and denied a cross motion by defendant U.W. Marx Construction Company for summary judgment dismissing the complaint against it.

This action was commenced to recover for personal injuries sustained by plaintiff Kim Blysma (hereinafter plaintiff) in a fall on an icy stairway at the loading dock of a building which was part of a waste treatment facility owned and operated by defendants County of Saratoga and Saratoga County Sewer District No. 1 (hereinafter collectively referred to as the County). At the time of plaintiff's fall, defendant U.W. Marx Construction Company (hereinafter Marx) was the general contractor overseeing a renovation project at the facility. Plaintiff was a plumber employed by third-party defendant (hereinafter the employer), a subcontractor on the project.

The complaint contains a common-law negligence cause of action against the County and causes of action based on violations of Labor Law §§ 200 and 241 (6) against all defendants.

Marx asserted a third-party indemnification claim against the employer. After joinder of issue and discovery, the employer sought summary judgment dismissing the third-party complaint with regard to indemnification on plaintiffs' Labor Law § 241 (6) claim. The County cross-moved for summary judgment dismissing the Labor Law § 241 (6) claim against it and Marx cross-moved for summary judgment dismissing the entire complaint against it. The moving parties now appeal from Supreme Court's denial of their motions.

"To successfully prosecute a cause of action under Labor Law § 241 (6), plaintiff is required to plead and prove the violation of specific regulations promulgated by the Commissioner of Labor * * *" (*Olson v Pyramid Crossgates Co.*, 291 AD2d 706, 708 [citations omitted]). In opposition to the summary judgment motions, plaintiffs relied on 12 NYCRR 23-1.7 (d) and (e). Inasmuch as plaintiff alleges that he fell as a result of the slippery condition created by the icy stairway, we conclude that the only regulation that could possibly be applicable is the "[s]lipping hazards" provision of 12 NYCRR 23-1.7 (d), not the "[t]ripping and other hazards" provision of 12 NYCRR 23-1.7 (e).

The "[s]lipping hazards" regulation is expressly limited to "a floor, passageway, walkway, scaffold, platform or *other elevated working surface* which is in a slippery condition" (12 NYCRR 23-1.7 [d] [emphasis supplied]). Inasmuch as the regulation expressly applies to specified work areas (*see, McGrath v Lake Tree Vil. Assoc.*, 216 AD2d 877, 878), it does not apply to a common area which is not part of the work area (*see, Stairs v State St. Assoc.*, 206 AD2d 817, 818). The renovation work was performed inside several buildings that comprised the waste treatment facility. At the same time, employees of the County continued to operate the facility. Plaintiff, who was carrying some pieces of pipe to his supervisor's truck, was injured outside the building after he and his supervisor had left the work area inside the building. The loading dock stairway was not the only means of access to the building available to and used by plaintiff and others involved in the renovation work. In addition, the stairway was regularly used by County employees who were not involved in the renovation work. In these circumstances, the stairway was not a passageway or other working surface within the meaning of the regulation. Instead, the stairway was a common area which was not a part of the work area. Accordingly, the record establishes as a matter of law that plaintiffs have no Labor Law § 241 (6) cause of action.

With regard to the remaining cause of action against Marx,

Labor Law § 200 is a codification of the common-law duty to provide construction workers with a safe place to work and, before liability can be imposed, it must be shown that Marx exercised supervisory control over the activity which brought about the injury (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Ryder v Mount Loretto Nursing Home*, 290 AD2d 892, 893-894). The " 'retention of general supervisory control, presence at the worksite or authority to enforce general safety standards is insufficient to establish the necessary control' " (*Sainato v City of Albany*, 285 AD2d 708, 709, quoting *Soshinsky v Cornell Univ.*, 268 AD2d 947, 947). The subcontract between Marx and the employer expressly provided that Marx "shall not give instructions or orders directly to employees or workmen of the Subcontractor, except to persons designated as representatives of the Subcontractor." Plaintiff and the project superintendent for Marx testified that Marx did not direct or supervise the manner in which plaintiff performed his work and that all such direction and supervision were provided by plaintiff's supervisor. Accordingly, the record demonstrates as a matter of law that Marx did not exercise sufficient supervisory control over plaintiff's work to impose liability under Labor Law § 200 (*see, Musselman v Gaetano Constr. Corp.*, 285 AD2d 868, 870).

Plaintiffs also contend that Labor Law § 200 liability can be imposed on the basis of Marx's notice of the dangerous condition. However, such liability will be imposed only upon a showing of both notice of the dangerous condition and control of the site of the injury (*see, Riccio v Shaker Pine*, 262 AD2d 746, 748, *lv dismissed* 93 NY2d 1042). The record demonstrates that the loading dock stairway was not a part of the renovation project controlled by Marx, but was a common area over which the County, as owner of the facility, exercised control, including the responsibility for snow removal. Accordingly, we conclude that Marx established its entitlement to summary judgment on plaintiffs' Labor Law § 200 claim as well.\*

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motions granted, summary judgment awarded to defendant U.W. Marx Construction Company dismissing the complaint against it, partial summary judgment awarded to defendants County of Saratoga and Saratoga County Sewer District No. 1 dismissing the Labor Law § 241 (6) cause of action against

---

\* Inasmuch as our decision will result in the dismissal of the complaint against Marx, the third-party complaint by Marx against the employer will also be dismissed.

them, and summary judgment awarded to third-party defendant dismissing the third-party complaint.

