■ VILLAGE OF SARANAC LAKE, INC., et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 103732.) [793 NYS2d 597]—

Mugglin, J. Appeal from an order of the Court of Claims (Hard, J.), entered February 3, 2004, which, inter alia, granted defendant's motion for summary judgment dismissing the claim.

In Supreme Court, Franklin County, a judgment of $168,742 was entered in favor of Rose Johnson against claimant Village of Saranac Lake, Inc. (hereinafter Village), which was thereafter paid by claimant New York Municipal Insurance Reciprocal. On appeal, we affirmed, finding that the jury could have rationally concluded that a 12-inch ditch, referred to as an "English edge," which surrounded a star-shaped flower bed in the Village's Veterans Park, was a dangerous condition (*Johnson v Village of Saranac Lake*, 279 AD2d 784 [2001]). Claimants then commenced this claim against defendant alleging that, since the Department of Correctional Services designed, constructed and maintained the garden, defendant was liable to the Village by implied indemnification.* After joinder of issue, defendant moved for summary judgment dismissing the claim and claimants cross-moved for summary judgment. The Court of Claims granted defendant's motion and dismissed the claim. Claimants appeal.

The Village conceded that, as owner of the property, it was liable to Johnson because of its nondelegable duty to maintain the park in a reasonably safe condition (*see Peralta v Henriquez*, 100 NY2d 139, 143-144 [2003]; *City of New York v Kalikow Realty Co.*, 71 NY2d 957, 959 [1988]). The Village argues, however, that it is entitled to indemnification from defendant because one of defendant's correctional facilities created the garden and the resulting dangerous condition (*see Genen v Metro-North Commuter R.R.*, 261 AD2d 211, 213-215 [1999]). However, the garden with the English edge was created in 1983, leaving the Village ample time to discover and remedy this

---

* No claim for contribution was pleaded and this theory for partial recovery was argued only in claimants' reply brief and is therefore not properly before us (*see Matter of Lupovici v Sobol*, 223 AD2d 753 [1996]).

dangerous condition before Johnson's accident in 1995 (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-141 [2002]).

Additionally, the Village's Superintendent of Public Works testified in a deposition that his only function regarding the flower bed was to order and arrange for the purchase of seeds, soil and mulch that were to be used by the prisoners in replanting the garden. He further stated that the Village never inspected the garden area for safety or any other reason. A vocational instructor at the correctional facility testified in the underlying action that the correctional facility participated in this type of gardening project for community relations, without remuneration from the Village other than the cost of gardening supplies. It can also be inferred from his testimony that, had the Village provided more detailed or different instructions, the correctional facility would have followed them. Therefore, the Village failed to prove that the gardening maintenance agreement between it and the correctional facility was "comprehensive enough to relieve the owner of any meaningful responsibility or control" (*Salisbury v Wal-Mart Stores*, 255 AD2d 95, 97 [1999]), since there was no evidence that the Village did not retain authority and control over the garden project in its park (*see id.* at 96-98; cf. *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827 [1995]).

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.