MALCOLM WOLFE et al., Appellants, v KLR MECHANICAL, INC., et al., Respondents. [826 NYS2d 458]—

Rose, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered December 7, 2005 in Washington County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Malcolm Wolfe, a millwright employed by nonparty DLV, Inc. to work at defendant Irving Tissue, Inc.'s paper mill performing machine maintenance and production changeovers, slipped and fell when he stepped on a piece of five-eighths-inch threaded rod as he descended a stairway in an existing Irving building. At the time, defendants Northeast Riggers & Erectors, Inc., as general contractor, and KLR Mechanical, Inc., a subcontractor, were constructing a new building for Irving adjoining the stairwell in which Wolfe fell. He and his wife, derivatively, commenced this action alleging that defendants had been negligent and had violated several sections of the Labor Law. When defendants moved for summary judgment dismissing the complaint, Supreme Court granted their motions. Plaintiffs appeal, arguing only that their negligence and Labor Law §§ 200 and 241 (6) claims were improperly dismissed.

Plaintiffs first contend that Wolfe is afforded the protection of Labor Law § 241 (6) because he was engaged in construction work within the meaning of the statute. To this end, they argue that Wolfe had been repairing an inoperable labeler machine used by Irving in producing paper products, this machine was a structure and, thus, his work came within the Industrial Code's definition of construction work (*see* 12 NYCRR 23-1.4 [b] [13]). We disagree. Wolfe's deposition testimony makes clear that he was not repairing a broken machine. Even if we assume that, at the time of the accident, he was using the stairway in the course of his work, his destination was the mill's welding shop where he planned to lengthen a support post so that the labeler could be properly aligned with the product to be labeled. As there is no evidence that Wolfe was doing anything other than adjusting

the position of the labeler in the normal course of a production changeover, he was performing routine maintenance associated with Irving's manufacture of paper products, work that is not covered by Labor Law § 241 (6) (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 101 [2002]; *Barbarito v County of Tompkins*, 22 AD3d 937, 940 [2005], *lv denied* 7 NY3d 701 [2006]).

Nor is Wolfe afforded the protection of Labor Law § 241 (6) under plaintiffs' alternate theory that he slipped on debris present in a construction area stairway in violation of 12 NYCRR 23-1.7 (d) and (e). It is well settled that the protection afforded by the statute extends only to employees who are engaged or involved in an activity integral to construction work (*see Jock v Fien*, 80 NY2d 965, 968 [1992]; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [1990]; *Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709, 711-712 [2000]; *LaClair v Shelly Elec.*, 264 AD2d 55, 57 [2000]; *cf. Williams v G.H. Dev. & Constr. Co.*, 250 AD2d 959, 961 [1998]). Here, plaintiffs do not allege that Wolfe was involved in any way in the construction of Irving's new building. Thus, even if the stairway on which he fell were a part of, rather than merely adjacent to, the building construction site, he would not be a member of the class of workers intended to be protected by Labor Law § 241 (6).

The remaining causes of action alleging negligence and a violation of Labor Law § 200 are not limited to construction workers (*see Jock v Fien, supra* at 967). Where, as here, a worker's injuries result from an unsafe or dangerous condition existing at a work site, rather than from the manner in which the work is being performed, the liability of a general contractor, and of an allegedly negligent subcontractor, depends upon whether they had notice of the dangerous condition and control of the place where the injury occurred (*see Blysma v County of Saratoga*, 296 AD2d 637, 639 [2002]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 295 AD2d 723, 724 [2002], *lv denied* 98 NY2d 614 [2002]); *Riccio v Shaker Pine*, 262 AD2d 746, 748 [1999], *lv dismissed* 93 NY2d 1042 [1999]). Here, the stairway where Wolfe fell was in an existing Irving building and there is no evidence that either contractor had any obligation or authority to maintain or control it. Thus, plaintiffs failed to raise a question of fact as to whether Northeast or KLR had actually exercised any control over the stairway. In light of this, we need not address the question of whether the contractors met their burden of proving that they did not create the condition and had no actual or constructive notice of the rod's presence on the stairs,

and we agree with Supreme Court that plaintiffs' remaining causes of action were properly dismissed as against Northeast and KLR (*see Blysma v County of Saratoga, supra* at 639).

We reach a different conclusion with regard to Irving. Irving clearly retained control of its stairway and, as owner, it had a general duty to keep its premises in a reasonably safe condition (*see Kellman v 45 Tiemann Assoc.*, 87 NY2d 871, 872 [1995]; *Village of Saranac Lake, Inc. v State of New York*, 17 AD3d 920, 921 [2005]; *Dumoulin v Oval Wood Dish Corp.*, 211 AD2d 883, 885 [1995]). To meet its initial burden on the motion for summary dismissal of the remaining causes of action under the facts of this case, Irving was required to establish, as a matter of law, that it did not create the alleged dangerous condition and did not have actual or constructive notice of that condition (*see Finger v Cortese*, 28 AD3d 1089, 1090 [2006]; *Bonse v Katrine Apt. Assoc.*, 28 AD3d 990, 991 [2006]; *Jurgens v Whiteface Resort on Lake Placid*, 293 AD2d 924, 926-927 [2002]; *Murray v South End Improvement Corp.*, 263 AD2d 577, 578 [1999]). Although Irving denied actual notice of the rod's presence on the stairs and asserted that there was no proof that it had created a dangerous condition, it offered no evidence as to the condition of the stairway on the day in question or as to when the stairway had last been cleaned, inspected or otherwise maintained in a reasonably safe condition. Thus, Irving failed to establish that it did not have constructive notice of the dangerous condition posed by the threaded rod (*see Finger v Cortese, supra* at 1091), and the burden did not shift to plaintiffs on this issue (*see Bonse v Katrine Apt. Assoc., supra* at 991). Accordingly, plaintiffs' Labor Law § 200 and common-law negligence claims against Irving should not have been dismissed.

In light of this conclusion, we must address Irving's contention that it cannot be held liable to plaintiffs because Wolfe was its special employee and is thereby limited to the remedy afforded by workers' compensation (*see Williams v General Elec. Co.*, 8 AD3d 866, 868 [2004]). Our review of the record reveals conflicting evidence as to who supervised Wolfe and controlled how he performed his work, giving rise to questions of fact as to his employment status (*see Perkins v Dryden Ambulance, Inc.*, 31 AD3d 859, 859-860 [2006]; *Matter of Hutchinson v Fahs-Rolston Paving Co.*, 287 AD2d 936, 937 [2001]).

Cardona, P.J., Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendant Irving Tissue, Inc. for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action against it; motion denied to that extent; and, as so modified, affirmed.