■ DONALD HUSTED et al., Plaintiffs, v CENTRAL NEW YORK OIL AND GAS COMPANY, LLC, Defendant and Third-Party Plaintiff-Appellant, and MATCO ELECTRIC CORPORATION et al., Appellants. COLLINS & WALTON PLUMBING & HEATING CONTRACTORS, INC.,Third-Party Defendant-Respondent. [890 NYS2d 158]—

Rose, J.

Defendant Central New York Oil and Gas Company, LLC (hereinafter CNYOG) engaged defendant Matco Electric Corporation, defendant G. Webster, Inc. and third-party defendant, Collins & Walton Plumbing & Heating Contractors, Inc. (hereinafter C & W), to perform construction work at its existing gas storage facility. During construction, plaintiff Donald Husted (hereinafter plaintiff), an employee of C & W, fell from a stepladder when one of its legs slipped into a roughly three-inch-diameter hole in the floor that had been drilled by an employee of Matco and allegedly hidden by plastic sheeting or construction debris placed by Webster. Seeking to recover for his injuries, plaintiff and his wife, derivatively, commenced this action against defendants, alleging negligence and violations of Labor Law § 200, among other things. CNYOG asserted cross claims against Matco and Webster for common-law and contractual indemnification, and brought a third-party action for contractual indemnification against C & W.

After joinder of issue, C & W moved for summary judgment dismissing the third-party complaint. CNYOG cross-moved for summary judgment granting a conditional order of indemnification against C & W. CNYOG also moved in the main action for summary judgment granting conditional orders of indemnification against Matco and Webster, and dismissing plaintiffs' common-law negligence and Labor Law § 200 claims. Matco and Webster opposed CNYOG's motions, and each moved for summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims against them. Supreme Court granted CNYOG's motion for summary judgment dismissing

plaintiffs' Labor Law § 200 and negligence claims, and for conditional orders of indemnification against Matco and Webster, but denied its cross motion for indemnification against C & W. The court also granted C & W's motion for summary judgment dismissing CNYOG's third-party complaint, and denied Matco's and Webster's cross motions for summary judgment dismissing, as relevant here, plaintiffs' negligence claims. Matco, Webster and CNYOG now appeal.

Initially, Matco and Webster argue that Supreme Court erred in granting CNYOG's motion for dismissal of plaintiffs' Labor Law § 200 and common-law negligence claims as against CNYOG because it failed to meet its burden to establish that it was not negligent in maintaining the premises where plaintiff fell. We agree. As the owner of the construction premises, CNYOG had a statutory and common-law duty to provide workers with a safe place to work (*see* Labor Law § 200; *Jock v Fien*, 80 NY2d 965, 967 [1992]; *Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 918 [2008]; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1220 [2007]; *Wohlfron v Brooklyn Edison Co., Inc.*, 238 App Div 463, 465-466 [1933], *affd* 263 NY 547 [1933]). Here, plaintiff's injuries resulted not from the manner in which the work was being performed, but from a dangerous condition on the premises (*see Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 919 [2006]; *compare Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). In addition, CNYOG continued to occupy the premises and did not give up its right of access to the work site. Thus, to meet its initial burden on its motion for summary judgment, CNYOG was required to establish, as a matter of law, that it had inspected and maintained its premises in a reasonably safe condition, and did not have actual or constructive notice of the hole that caused plaintiff's ladder to collapse (*see Wolfe v KLR Mech., Inc.*, 35 AD3d at 919; *Finger v Cortese*, 28 AD3d 1089, 1090-1091 [2006]; *Bonse v Katrine Apt. Assoc.*, 28 AD3d 990, 991 [2006]; *Jurgens v Whiteface Resort on Lake Placid*, 293 AD2d 924, 926-927 [2002]; *Monroe v City of New York*, 67 AD2d 89, 96-98 [1979]).

Here, there is no allegation that CNYOG had actual notice of the hole's presence. While CNYOG argued that the hole had not been in existence long enough for constructive notice to be imputed, it offered no evidence as to when the room where plaintiff was working had last been cleaned, inspected or otherwise maintained in a reasonably safe condition. Nor did CNYOG establish that the hole was not visible and apparent for a sufficient length of time to permit it to discover and remedy the defect. Although one of Webster's employees testified that

the hole had been created on the day of the accident, the Matco employee who drilled the hole testified that he definitely had not done it on that day, but had drilled it at some time within the prior two weeks. Due to the question of fact as to when the hole was created as well as the lack of evidence of any prior inspection, CNYOG failed to meet its initial burden to show that it properly maintained its premises and lacked constructive notice of the hole (*see Wolfe v KLR Mech., Inc.*, 35 AD3d at 919). Accordingly, plaintiffs' Labor Law § 200 and common-law negligence claims against CNYOG should not have been dismissed.

We also agree with Matco's and Webster's contention that Supreme Court should have denied CNYOG's motion for contractual and common-law indemnity against them because the question of whether CNYOG was negligent in maintaining its premises cannot be determined as a matter of law on this record. Unless the proposed indemnitee is found to be free from active negligence, conditional summary judgment for either common-law or contractual indemnification against a proposed indemnitor is premature (*see Hurley v Best Buy Stores, L.P.*, 57 AD3d 239, 240 [2008]; *State of New York v Travelers Prop. Cas. Ins. Co.*, 280 AD2d 756, 757-758 [2001]; *Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 919 [2000]; *Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]).

Matco and Webster also contend that Supreme Court erred in denying their motion and cross motion, respectively, for summary judgment dismissing plaintiffs' negligence causes of action against them because they owed no duty to plaintiff. There is, however, sufficient evidence in the record to raise questions of fact as to whether Matco created a dangerous condition on plaintiff's work site by drilling an unguarded hole in the floor and whether Webster exacerbated that condition by hiding the hole from the view of workers in the room. Thus, their conduct falls within an exception to the general rule that breach of a contractual obligation does not give rise to a duty to a noncontracting third party (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Grady v Hoffman*, 63 AD3d 1266, 1267 [2009]; *Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1332 [2008]).

Turning finally to CNYOG's argument that Supreme Court erred in denying its cross motion for contractual indemnification against C & W and in granting C & W's motion for dismissal of the third-party complaint, we note that "Workers' Compensation Law § 11 prohibits third-party indemnification or contribution claims against employers, except in the case of a 'grave injury' or where based upon a written contract entered

into prior to the accident" (*Giblin v Pine Ridge Log Homes, Inc.*, 42 AD3d 705, 706 [2007]). Although plaintiff was not shown to have sustained a grave injury here, the contract between CNYOG and C & W included an indemnification provision which comes within the second exception to the statute's prohibition (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 433 [2005]). In addition, if the issue of CNYOG's negligence is ultimately decided in its favor, it would not also have to prove that C & W was negligent in order to establish its claim for contractual indemnification (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]; *Severino v Schuyler Meadows Club*, 225 AD2d 954, 956-957 [1996]; *Correia v Professional Data Mgt.*, 259 AD2d at 65). Thus, Supreme Court should not have dismissed the third-party complaint based upon the lack of proof of C & W's negligence, as it did. Nonetheless, CNYOG's motion for a conditional order of indemnification was properly denied because of the existence of a question of fact as to CNYOG's negligence. If CNYOG is ultimately found to have been negligent, that would preclude contractual indemnification under General Obligations Law § 5-322.1 (1).

Spain, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) granted the motion of defendant Central New York Oil and Gas Company, LLC for (i) conditional orders of indemnification against defendants Matco Electric Corporation and G. Webster, Inc. and (ii) summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence causes of action, and (2) granted third-party defendant's motion for summary judgment dismissing the third-party complaint; said motions denied; and, as so modified, affirmed.