■ CHRISTOPHER COOK, Respondent, v ORCHARD PARK ESTATES, INC., Defendant, SCOTT VENTURES et al., Appellants, MATZEN CONSTRUCTION MANAGEMENT SERVICES, LLC, Respondent, and MATZEN COMPANY, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. JOHN MAURO CO., Third-Party Defendant-Appellant. (And Another Related Action.) [902 NYS2d 674]—

Mercure, J.P. Appeal from an order of the Supreme Court (Williams, J.), entered June 15, 2009 in Saratoga County, which, among other things, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff, an employee of third-party defendant, John Mauro, Co., commenced this action to recover for injuries sustained as a result of a slip and fall accident at the construction site of a shopping plaza. Mauro had been hired as a subcontractor by defendant Matzen Construction, Inc., the general contractor, to perform exterior masonry work on the project, which was located on property owned by defendant Orchard Park Estates, Inc. and leased by defendant Scott Ventures and related defendant entities (hereinafter collectively referred to as Scott Ventures). Plaintiff alleged common-law negligence, as well as violations of Labor Law § 200 (1) and § 241 (6). Defendants answered and asserted cross claims, with Matzen and related defendant entities (hereinafter collectively referred to as Matzen) and Scott Ventures asserting claims for contractual indemnification, among other things, against each other. In addition, Matzen initiated a third-party action alleging various claims against Mauro, including a claim for contractual indemnification.

Following joinder of issue, Mauro moved for summary judgment dismissing the third-party complaint. Scott Ventures

moved for dismissal of the complaint and all cross claims asserted against it, and for an order directing indemnification and contribution from Matzen, which cross-moved for summary judgment on its contractual indemnification claim against Mauro. Matzen also moved separately for dismissal of the complaint and all cross claims against it. Supreme Court denied all of the motions and these appeals by Mauro and Scott Ventures ensued. We now modify by dismissing plaintiff's claims under Labor Law § 241 (6), and otherwise affirm.

Initially, we reject defendants' argument on appeal that plaintiff's Labor Law § 200 (1) and general negligence claims must be dismissed. When an "alleged defect or dangerous condition arises from [a] contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). That is, if an injury is caused by the manner in which a subcontractor performs its work, an owner or general contractor will be liable only if it "ha[d] the *authority to control the activity bringing about the injury to enable it to avoid* or correct an unsafe condition" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998] [internal quotation marks and citation omitted]; *see Fassett v Wegmans Food Mkts., Inc.*, 66 AD3d 1274, 1276 [2009]; *Nelson v Sweet Assoc., Inc.*, 15 AD3d 714, 715 [2005]). Evidence of general supervisory control or mere presence at the work site is not adequate to establish control over the work activity that caused the injury (*see Fassett v Wegmans Food Mkts., Inc.*, 66 AD3d at 1276; *Blysma v County of Saratoga*, 296 AD2d 637, 639 [2002]).

In contrast, when "a worker's injuries result from an unsafe or dangerous condition existing at a work site, rather than from the manner in which the work is being performed, the liability of a general contractor, and of an allegedly negligent subcontractor, depends upon whether they had notice of the dangerous condition and control of the place where the injury occurred" (*Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 918 [2006] [citations omitted]; *accord Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 918 [2008]; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1220 [2007]; *see Blysma v County of Saratoga*, 296 AD2d at 639). Moreover, an owner—or, as here, a leaseholder—that retains control over the premises has a general duty to maintain its premises in a safe condition (*see Weinberg v Alpine Improvements, LLC*, 48 AD3d at 918; *Wolfe v KLR Mech., Inc.*, 35 AD3d at 919).

Here, plaintiff testified during his examination before trial that while he was attempting to retrieve a mortar pan at approximately 8:00 A.M. on the morning of the accident, he slipped on plastic covered by approximately six inches of freshly fallen snow. Plaintiff indicated that it had stopped snowing approximately one hour prior to his accident, and no plowing or shoveling had been performed at the construction site. As relevant here, Scott Ventures' contract with Matzen provided that Scott Ventures was "responsible for all snow removal on-site" and that removal was to be "complete[d] by [6:00 A.M.] each day—including weekends."

Plaintiff further stated in his deposition testimony that the plastic on which he slipped was located on frozen dirt located between the building and a recently poured sidewalk; grass or landscaping was to be installed in the area but, at the time of the accident, it was used by plaintiff's employer, Mauro, for storing materials and as a space over which to drive its forklift. When plaintiff slipped, he was approximately five feet from the sidewalk, which had been poured the night before the accident by Matzen's employees. Plaintiff testified that the type of plastic on which he slipped was used for covering concrete sidewalks that had just been poured, but indicated that he had not observed Matzen's employees using the plastic the night before the accident, and that he did not know how long the plastic had been on the ground before the accident or how it got there. We note that Mauro was contractually obligated to keep the premises free from waste materials or rubbish, but was not to be held responsible for unclean conditions caused by other contractors or subcontractors.

In our view, triable issues of fact exist regarding whether plaintiff's injuries were caused by a dangerous or defective condition existing on the property or a danger created by the manner in which either Matzen or Mauro performed its work. Furthermore, there are questions of fact regarding whether Scott Ventures created or had notice of the dangerous condition allegedly existing on the property, or whether either Mauro or Matzen had notice and the authority to control the work activity that may have brought about plaintiff's injuries. Under these circumstances, Supreme Court properly declined to dismiss plaintiff's Labor Law § 200 (1) and general negligence claims as against either Scott Ventures or Matzen (see *Husted v Central N.Y. Oil & Gas Co., LLC*, 68 AD3d 1220, 1222-1223 [2009]; *Weinberg v Alpine Improvements, LLC*, 48 AD3d at 918-919; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d at 1221; *Wolfe v KLR Mech., Inc.*, 35 AD3d at 919; *Nelson v Sweet Assoc.,*

*Inc.*, 15 AD3d at 715; *cf. Dalanna v City of New York*, 308 AD2d 400, 400 [2003]; *Blysma v County of Saratoga*, 296 AD2d at 639). In addition, Supreme Court properly declined to issue orders of conditional indemnification or to dismiss the third-party complaint given the existence of issues of fact regarding negligence on the part of Scott Ventures, Matzen and Mauro (*see Husted v Central N.Y. Oil & Gas Co., LLC*, 68 AD3d at 1224; *Niagara Frontier Transp. Auth. v City of Buffalo Sewer Auth.*, 1 AD3d 893, 895-896 [2003]; *Barnes v DeFoe/Halmar*, 271 AD2d 387, 388 [2000]).

We find, however, that plaintiff's Labor Law § 241 (6) causes of action should have been dismissed. Plaintiff's section 241 (6) claim is predicated on allegations that defendants violated 12 NYCRR 23-1.7 (d) and (e). Inasmuch as the evidence establishes that plaintiff fell when he slipped on snow-covered plastic, 12 NYCRR 23-1.7 (e), which relates to tripping hazards, is not applicable here (*see Blysma v County of Saratoga*, 296 AD2d at 638; *cf. White v Sperry Supply & Warehouse*, 225 AD2d 130, 134 [1996]). In any event, the open area between the sidewalk and building on which plaintiff was walking does not fall within the purview of either 12 NYCRR 23-1.7 (d) or (e) (*see Scofield v Trustees of Union Coll.*, 288 AD2d 807, 808-809 [2001]; *Lawyer v Hoffman*, 275 AD2d 541, 542 [2000]).

The parties' remaining arguments have been considered and, to the extent that they are properly before us, have been found to be lacking in merit.

Peters, Rose, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied summary judgment dismissing the Labor Law § 241 (6) causes of action against defendants; summary judgment granted to all defendants on said causes of action and said claims dismissed; and, as so modified, affirmed.