Abramov v 230 PAS SPE LLC (2025 NY Slip Op 06800)

Abramov v 230 PAS SPE LLC

2025 NY Slip Op 06800

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 153359/22|Appeal No. 5370|Case No. 2024-04851|

[*1]Eduard Abramov, Plaintiff-Respondent,
v
230 PAS SPE LLC, et al., Defendants-Respondents, Reidy Contracting Group, LLC, Defendant-Appellant.

Law Office of Nicole E. Lesperance, Melville (David R. Holland of counsel), for appellant.
Horn Appellate Group, Brooklyn (Ross Friscia of counsel), for 230 PAS SPE LLC, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Guy Des Rosiers of counsel), for JPMorgan Chase Bank, N.A., respondent.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered on or about July 2, 2024, which denied defendant Reidy Contracting Group, LLC's motion for summary judgment dismissing the complaint and all cross-claims against it, unanimously affirmed, without costs.
The court properly concluded that Reidy's motion was premature as defendants 230 SPE PAS and Chase had not yet had the opportunity to depose parties with knowledge of the relevant issues, such as the role, if any, that the scaffolding and the lighting played in the accident, and whether any inadequate lighting was corrected prior to the accident (see Chiu Shing Tsang v Ng, 235 AD3d 460, 461 [1st Dept 2025]).
Defendants 230 SPE PAS and Chase relied on more than mere hope and speculation in seeking discovery (see Smith v Kixby Hotel, 234 AD3d 459, 459 [1st Dept 2025]. They cited a violation notice for inadequate lighting under the scaffolding that was issued approximately two and a half months before the accident. While Reidy presented evidence that the lighting condition was corrected approximately one month before the accident, that was done in reply to those defendants' opposition to its motion, and they had no opportunity to respond to the evidence. They should be permitted to obtain discovery on the lighting issue and whether it was a factor in plaintiff's fall (see Guayara v H.P.S.O.N.Y., Inc, 238 AD3d 451, 451 [1st Dept 2025]). Reidy argues that at plaintiff's 50-h hearing he testified that the accident was caused by a crack in the sidewalk. However, neither 230 PAS SPE nor Chase were present at the 50-h hearing, and that testimony is inadmissible against them (see Claypool v City of New York, 267 AD2d 33, 35 [1st Dept 1999]).
We have considered Reidy's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025