■ ROLAND BLACKWELL et al., Respondents, v DAMIEN O. FRASER, Appellant, et al., Defendants. [787 NYS2d 224]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered June 18, 2003, which denied defendant's motion for summary judgment dismissing the complaint on the ground that plaintiffs failed to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Fraser dismissing the complaint as against him.

Plaintiffs commenced this action in July 2001 for personal injuries allegedly sustained in a motor vehicle accident on December 24, 1999. Defendant, in support of his motion for summary judgment dismissing the complaint, submitted medical records documenting plaintiffs' physical complaints, diagnoses and treatment following the December 1999 accident and medical records documenting plaintiffs' complaints, diagnoses and treatment following a motor vehicle accident in April 1999, eight months before the accident that gave rise to the instant action. Together, these records establish that, regardless of whether plaintiffs' injuries resulted in permanent loss of use or permanent consequential limitation of use of a body organ, member or function, or impairment in their daily activities for 90 days in the 180-day period following the accident, they were not caused by the December 1999 accident.

The records reflect that plaintiffs' physical conditions allegedly resulting from the December 1999 accident had first been observed after the April 1999 accident. Dr. Joseph Macy affirmed that the April 1999 MRIs of plaintiff Roland Blackwell's cervical and lumbar spines show evidence of the condition that Roland alleged was a result of the December 1999 accident. Moreover, according to Dr. Macy, the findings on the MRIs of Roland's cervical and lumbar spines taken after the December 1999 accident were "identical" to the findings on the MRIs taken after the April 1999 accident. Similarly, Dr. Macy affirmed that the April 1999 MRI of Elissa's cervical spine shows evidence of the condition that Elissa alleged was a result of the December 1999 accident.

Plaintiffs' submissions in response to defendant's motion for

summary judgment are insufficient to raise a triable issue of fact. They utterly fail to address the evidence submitted by defendant that demonstrates that plaintiffs' injuries predate their December 1999 accident by at least eight months. As the affirmations reflect, the physicians who examined plaintiffs or reviewed their records after the December 1999 accident obtained histories from plaintiffs that either omitted the April 1999 accident and the injuries alleged to have resulted therefrom or represented that those injuries had been resolved before December 1999 (*see Franchini v Palmieri*, 1 NY3d 536 [2003] [submissions that fail to adequately address preexisting medical conditions insufficient to defeat summary judgment]).

Moreover, in their own affidavits, plaintiffs aver, in direct contradiction to the above-discussed medical records, that before the December 1999 accident they had no problems with their necks or backs. Like the incomplete histories they gave their physicians, plaintiffs' affidavits are undeniably untruthful and are insufficient to raise a triable issue of fact (*see Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 404 [2001], *lv denied* 97 NY2d 610 [2002] [self-serving affidavits clearly tailored to feign factual issues insufficient to defeat summary judgment]). Concur—Nardelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.