■ ANTHONY LEWIS, Appellant-Respondent, v LOWER EAST SIDE TENEMENT MUSEUM, Respondent-Appellant, and NOAH & DAVID CONSTRUCTION CORP., Respondent, et al., Defendants. [836 NYS2d 582]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered February 8, 2006, which, in an action for personal injuries sustained by a worker on a construction site, insofar as appealed from, granted defendant general contractor's motion for summary judgment dismissing the complaint as against it, and granted defendant owner's motion for summary judgment dismissing the complaint as against it and for summary judgment on its cross claim for indemnification against the general contractor to the extent of dismissing the complaint as against it and dismissing the cross claim as moot, unanimously modified, on the law, to dismiss the cross claim on the merits, and otherwise affirmed, without costs.

The evidence, including plaintiff's deposition testimony, establishes that there was no debris on the floor in the area

where plaintiff fell. Accordingly, plaintiff's Labor Law § 241 (6) claim, which invokes 12 NYCRR 23-1.7 (d) and (e) and is based not on the existence of the brick wall but only a slippery substance or tripping hazard caused by debris, is unavailing (*see Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732, 733 [2006]). The Labor Law § 200 claim must be dismissed for the additional reasons that neither defendant supervised plaintiff's work, received any complaints about construction debris, or had other notice of the alleged debris (*see id.*). There is no merit to the owner's cross claim for indemnification against the general contractor, given the finding that the general contractor was not negligent and that the contract provides for indemnification only if the act giving rise to the claim was caused by the general contractor's negligence. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and McGuire, JJ.