■ KHUSAL GHANY et al., Appellants, v BC TILE CONTRACTORS, INC., et al., Respondents. [945 NYS2d 657]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about December 14, 2010, which granted the motion of defendant A.F. & Sons, LLC and the cross motion of defendant BC Tile Contractors, Inc. (BC Tile) for summary judgment dismissing the complaint and denied plaintiffs' cross motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff stonemason alleges that he was injured when he tripped over a small stone while carrying a stone weighing approximately 100 pounds across an open, grassy area. When plaintiff tripped, the stone he was carrying fell upon his knee and wrist. The small stone on which plaintiff tripped was either created during the delivery of the stones to the worksite or when the larger stones were sized by plaintiff and his coworkers.

The motion court properly dismissed the Labor Law § 240 (1) cause of action. The record establishes that the impetus for the heavy stone's fall was plaintiff's tripping on ground level, rather than the direct consequence of gravity. Accordingly, the protections of section 240 (1) are not implicated (*see Gasques v State of New York*, 15 NY3d 869, 870 [2010]; *Rodriguez v Margaret Tietz Ctr. for Nursing Care*, 84 NY2d 841, 843-844 [1994]).

The court also properly concluded that plaintiff did not have a viable claim under Labor Law § 241 (6). The Industrial Code provisions relied upon, 12 NYCRR 23-1.7 (d) and 23-2.1 (a) (1), were inapplicable since the accident occurred in an open, grassy area, rather than a "passageway" or "walkway" (*see Militello v 45 W. 36th St. Realty Corp.*, 15 AD3d 158, 159-160 [2005]; *O'Gara v Humphreys & Harding*, 282 AD2d 209 [2001]; *Jennings v Lefcon Partnership*, 250 AD2d 388, 389 [1998], *lv denied* 92 NY2d 819 [1999]). Moreover, the small stone on which plaintiff allegedly fell was "an unavoidable and inherent result" of the work being performed at the site (*Cabrera v Sea Cliff Water Co.*, 6 AD3d 315, 316 [2004]).

The common-law negligence and Labor Law § 200 claims were properly dismissed as against the general contractor, A.F. & Sons, LLC. There is no evidence that this defendant exercised supervision and control over the work or had actual or constructive notice of the alleged defective condition (*see Vaneer v 993 Intervale Ave. Hous. Dev. Fund Corp.*, 5 AD3d 161, 162-163 [2003]).

The common-law negligence and Labor Law § 200 claims were also properly dismissed as against B.C. Tile. Labor Law § 200 imposes a duty upon an owner or general contractor to provide construction workers with a safe worksite (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]).

Plaintiff's claim that B.C. Tile supervised his employer, a nonparty landscaping company, and therefore was a general contractor, was plainly controverted by his admission at deposition that he did not know which entity was responsible for what work (*see e.g. Blackwell v Fraser*, 13 AD3d 157 [2004]; *Perez v Bronx Park S. Assoc.*, 285 AD2d 402 [2001], *lv denied* 97 NY2d 610 [2002]). Furthermore, both defendants testified that B.C. Tile was merely a subcontractor at the site and that A.F. & Sons, LLC was the general contractor. Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Román, JJ.