Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered September 16, 2011, which granted defendant City of New York’s motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, the motion denied as to plaintiffs claims of negligence and violation of Labor Law § 200, and otherwise affirmed, without costs.
Supreme Court should have denied that portion of the motion which sought dismissal of plaintiffs negligence and Labor Law § 200 claims against the City. Because the Labor Law § 200 and common-law negligence claims are based on a dangerous condition on the site, not on the methods or materials used in the work, the only issue is whether defendant City had notice of the condition, not whether it exercised supervisory control over the manner of performance of plaintiffs work (Minorczyk v Dormitory Auth. of the State of N.Y., 74 AD3d 675 [1st Dept 2010]).
Plaintiff testified that he slipped while going from his car to a trailer and that, during the two days immediately before his ac *559 cident, he had lodged multiple complaints to the foreman and superintendents about snow and/or ice covering that area. Two of his coworkers also testified that the area had been covered in a slippery sheet of ice four to six inches thick for about three days prior to plaintiffs accident. The day before plaintiffs accident, another worker slipped on ice, albeit at a different location within the work site, and the Department of Environmental Preservation’s project manager, the “lead on-site” figure, testified that, if there was an accident, he would be notified via email. Viewing all of the evidence in a light most favorable to plaintiff, and drawing all reasonable inferences in his favor, as is required at this procedural posture (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), a question of fact exists as to whether the City had actual or constructive notice of the icy condition that caused plaintiffs injury (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]; Callan v Structure Tone, Inc., 52 AD3d 334 [1st Dept 2008]; Lewis v Lower E. Side Tenement Museum, 40 AD3d 438, 439 [1st Dept 2007]).
Plaintiffs Labor Law § 241 (6) claim was properly dismissed because the Industrial Code provisions set forth in the supplemental bill of particulars are not applicable. Here, the open, unpaved area where plaintiff was walking when he fell was not “a floor, passageway, walkway, scaffold, platform or other elevated working surface,” within the purview of 12 NYCRR 23-1.7 (d) (see Cook v Orchard Park Estates, Inc., 73 AD3d 1263 [3d Dept 2010]; Porazzo v City of New York, 39 AD3d 731 [2d Dept 2007]; Roberts v Worth Constr., Inc., 21 AD3d 1074 [2d Dept 2005]; Lawyer v Hoffman, 275 AD2d 541 [3d Dept 2000]). Nor was the area a floor, platform or similar area where people “work or pass,” and no “tripping hazard” is alleged, under 12 NYCRR 23-1.7 (e) (2) (see Cook, 73 AD3d 1263; Scofield v Trustees of Union Coll., 288 AD2d 807 [3d Dept 2001]). Concur— Tom, J.P, Saxe, Richter, Abdus-Salaam and Feinman, JJ.