Orders, Supreme Court, Bronx County (John A. Barone, J.), entered December 27, 2012, which denied defendants’ motions for summary judgment dismissing the complaint and cross claims as against them, and denied plaintiffs cross motion for partial summary judgment on his common-law negligence and Labor Law §§ 200, 240 (1) and 241 (6) claims against defendants Westchester Triangle Housing Development Fund Corporation, Integrated Building Systems Inc. and Westchester Triangle, LLC, and for leave to amend his bill of particulars, unanimously modified, on the law, to the extent of dismissing the cross claims and the common-law negligence and Labor Law § 200 claims against defendants J&R Masonry, Inc. and A. Enrico Contracting Corp., and dismissing the Labor Law §§ 240 (1) and 241 (6) claims against all defendants, and otherwise affirmed, without costs.
Labor Law § 240 (1) is inapplicable to this case, because plaintiffs injuries were not “the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). Plaintiff testified that he and two coworkers were carrying a metal pipe on their shoulders when he slipped on a muddy surface and tripped on an object that he speculated was a rock. He lost his ability to support the pipe, which caused his coworkers to drop it; the pipe then “jumped” and hit him on his left ear, neck and shoulder.
Industrial Code (12 NYCRR) §§ 23-1.7 (d), (e) and (f) and 23-1.23 (a), on which plaintiff predicates his Labor Law § 241 (6) claims, are also inapplicable to this case. Contrary to plaintiff’s contention, the open, unpaved area where he was *586 walking when he fell was not a “passageway” within the meaning of section 23-1.7 (d) or (e) (1) (see Raffa v City of New York, 100 AD3d 558, 559 [1st Dept 2012]; Johnson v 923 Fifth Ave. Condominium, 102 AD3d 592, 593 [1st Dept 2013]). Section 23-1.7 (e) (2) is inapplicable because, by his own testimony, plaintiff was walking in an outdoor area where the ground was composed of dirt and rocks. To the extent he tripped over a rock after he initially slipped, the rock was part of the surface of the ground and cannot be considered accumulated “debris” (cf. Velasquez v 795 Columbus LLC, 103 AD3d 541, 541-542 [1st Dept 2013] [mud and water covering floor due to water main break and rain were not part of floor]). Section 23-1.23 (a) does not apply, because plaintiffs accident did not occur on an earth ramp or a runway.
Plaintiff is not entitled to amend his bill of particulars to allege a violation of section 23-1.7 (f), because the area where his accident occurred did not require him to gain access to “working levels above or below ground.”
Plaintiff’s Labor Law § 200 and common-law negligence claims against defendants J&R Masonry, Inc. and A. Enrico Contracting Corp. should also have been dismissed. These defendant subcontractors established entitlement to summary judgment by eliminating all material issues of fact regarding whether they created the alleged dangerous condition that led to plaintiffs accident (see Rodriguez v Dormitory Auth. of the State of N.Y, 104 AD3d 529, 530 [1st Dept 2013]). While plaintiff contends that a hose used by J&R Masonry caused the wet, slippery condition, plaintiff’s speculative statements that he thought or imagined the hose was used to mix cement, although he never saw anyone making cement in that area, are insufficient to raise an issue of fact whether J&R Masonry’s hose caused the wet condition. Likewise, plaintiff has not shown any evidence that A. Enrico Contracting Corp. created the alleged steep slope or ramp on which he fell. Plaintiff has not disputed A. Enrico’s evidence that it had already completed its excavation and leveled off the area and its work had been inspected and approved by defendant general contractor Integrated Building Systems, Inc. before plaintiffs accident. Plaintiffs common-law negligence and Labor Law § 200 claims against Westchester Triangle Housing Development Fund Corporation, Integrated Building Systems, Inc., M. Melnick & Co., Inc., and Westchester Triangle, LLC (Builder Defendants) would also be dismissed if they had been based solely on the manner in which plaintiff performed his work, as plaintiff testified that they did not control his work (see Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]). *587 However, the Builder Defendants are not entitled to summary dismissal of these claims to the extent they are predicated on the theory of constructive notice of a dangerous condition. While plaintiff did not know exactly what caused the trip or slip that led to his injury, he testified that the dirt area where he fell was, for at least two weeks, wet, steeply sloped, uneven, and covered in rocks, debris, and holes. The Builder Defendants’ argument in reply that plaintiffs testimony lacks specificity as to the dangerous condition fails to eliminate the material issues of fact regarding whether the area’s condition was dangerous and whether its dangerous nature existed for a sufficient length of time for the Builder Defendants to inspect and remedy the danger (see Giuffrida v Metro N. Commuter R.R. Co., 279 AD2d 403, 404 [1st Dept 2001]). Accordingly, the motion court properly denied summary judgment dismissing plaintiff’s common-law negligence and Labor Law § 200 claims against the Builder Defendants. Concur — Acosta, J.E, Andrias, Saxe, Freedman and Feinman, JJ.