■ EDWARD BORNER, Respondent-Appellant, v FORDHAM UNIVERSITY et al., Appellants-Respondents, et al., Defendants. [998 NYS2d 635]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 22, 2013, which to the extent appealed from as limited by the briefs, denied so much of defendants Fordham University (Fordham) and Mueser Rutledge Consulting Engineers' (MRCE) motion for summary judgment as sought dismissal of the common law negligence and Labor Law § 200 claims, and granted so much of defendants' motion as sought summary judgment dismissing the Labor Law § 241 (6) claim insofar as it was based on a violation of Industrial Code (12 NYCRR) § 23-1.7 (d), unanimously affirmed, without costs.

The motion court properly denied that portion of defendants' motion seeking dismissal of plaintiff's Labor Law § 200 and common law negligence claims. There are questions of fact concerning whether Fordham, the property owner, had actual or constructive notice of the icy condition that allegedly caused plaintiff, a core driller employed by nonparty Aquifer Drilling & Testing, to slip and fall (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 556 [1st Dept 2009]). There are also questions of fact as to whether MRCE, a geotechnical engineering firm hired to assure compliance with construction plans and specifications, had control over plaintiff's work and the work site, precluding summary judgment (see id.; Davis v Lenox School, 151 AD2d 230, 231 [1st Dept 1989]).

The motion court properly dismissed plaintiff's Labor Law § 241 (6) claim insofar as it was predicated on a violation of Industrial Code § 23-1.7 (d). This regulation has no application to the instant facts since plaintiff fell in a parking lot, not " 'a floor, passageway, walkway, scaffold, platform or other elevated working surface,' within the purview of 12 NYCRR 23-1.7 (d)" (Raffa v City of New York, 100 AD3d 558, 559 [1st Dept 2012]). Concur—Gonzalez, P.J., Friedman, Andrias, Gische and Kapnick, JJ.