■ JULIO GERMAN et al., Appellants, v ANTONIO DEVELOPMENT, LLC, et al., Respondents/Third-Party Plaintiffs-Respondents. SPIELER & RICCA ELECTRICAL CO., INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) MCP SO STRATEGIC 56, LP, et al., Third Third-Party Plaintiffs-Respondents, v CROSS COUNTRY CONSTRUCTION LLC et al., Third Third-Party Defendant-Appellant, et al., Third Third-Party Defendants. [10 NYS3d 205]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about January 10, 2014, which, to the extent appealed from, granted that portion of defendants Antonio Development, LLC, Stillman Development International, LLC, MCP SO Strategic 56, LP (MCP SO), MCP 56, LLC and MCP 56 Properties, LLC (collectively MCP defendants) and third-party defendant Spieler & Ricca Electrical Co., Inc.'s motions for summary judgment seeking dismissal of the causes of action related to plaintiff's second accident, and denied third third-party defendant Cross Country Construction LLC's cross motion for summary judgment dismissing the MCP defendants' third third-party complaint as against it, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 12, 2014, which granted plaintiffs' motion to reargue the January 10, 2014 order, and, upon reargument, adhered to its prior determination, unanimously dismissed, without costs, as academic.

The motion court properly granted the portion of the MCP defendants' motion for summary judgment seeking dismissal of plaintiff's Labor Law § 240 (1) claim since plaintiff's task in lifting a steel grate on the ground-level just enough to slide a copper wire underneath it did not present the sort of elevation-related risk envisioned by the statute (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 406-409 [2005]; *Brooks v City of New York*, 212 AD2d 435, 435-436 [1st Dept 1995]). Plaintiff was not struck by any object, elevated or otherwise; rather, he slipped on a wet steel grate, and thus, the impetus for his fall was his slipping, not the direct consequence of gravity (*see Ghany v BC Tile Contrs., Inc.*, 95 AD3d 768, 769 [1st Dept 2012]).

Industrial Code (9 NYCRR) § 23-1.7 (d) is inapplicable to plaintiff's Labor Law § 241 (6) claim since the record establishes that plaintiff's second accident did not occur on a floor, passageway, walkway, scaffold or other elevated working surface, but in an open courtyard (*see Raffa v City of New York*, 100 AD3d 558, 559 [1st Dept 2012]; *Bannister v LPCiminelli, Inc.*, 93 AD3d 1294, 1295-1296 [4th Dept 2012]).

With respect to plaintiff's Labor Law § 200 claim, he alleges that he slipped and fell due to the existence of snow on the courtyard grates, a dangerous and defective condition on the job site. The motion court properly dismissed this claim as against the MCP defendants with respect to plaintiff's second accident since the record does not support the conclusion that they had actual or constructive notice of the allegedly dangerous condition (*see Raffa*, 100 AD3d at 558).

Cross Country's cross motion for summary judgment on the MCP defendants' third third-party claims for common-law indemnification and contribution and contractual indemnification was properly denied since there are issues of fact regarding Cross Country's negligence. Further, plaintiff's Labor Law § 241 (6) claim predicated on Industrial Code § 23-1.7 (b) (1) remains outstanding (*see Robbins v Goldman Sachs Headquarters, LLC*, 102 AD3d 414 [1st Dept 2013]).

Cross Country is not entitled to dismissal of the MCP defendants' third third-party claim against it for failure to procure insurance since it failed to establish that it had procured the required insurance for the owner's benefit.

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Kapnick, JJ.