Potenzo v City of New York (2020 NY Slip Op 08013)





Potenzo v City of New York


2020 NY Slip Op 08013


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 26640/15 Appeal No. 12487 Case No. 2019-04449 

[*1]Vincent Potenzo, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents, Tishman Construction Corp. et al., Defendants.


The Perecman Firm, P.L.L.C., New York (Peter D. Rigelhaupt of counsel), for appellant.
Cornell Grace, P.C., New York (Alexander F. Schwall of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 22, 2019, which denied plaintiff's motion for partial summary judgment against defendants The City of New York, Tishman Technologies Corp., on the Labor Law § 241(6) claim, reversed, on the law, without costs, and plaintiff's motion granted as to his Labor Law § 241(6) claim predicated on violation of 12 NYCRR 23—1.7(d).
Plaintiff Vincent Potenzo sued defendants to recover damages for personal injuries he sustained when he slipped and fell on March 4, 2015 while walking within the fenced-in area from the guard booth to his job site, where he was employed as a drywaller, at a construction site in the Bronx. For the reasons that follow, we find that the motion court improperly denied plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim predicated upon a violation of 12 NYCRR 23-1.7(d).
Labor Law § 241(6) imposes a nondelegable duty upon owners, contractors and their agents to provide adequate protection and safety for workers. To establish a claim under this section, plaintiff must allege that defendants violated a rule or regulation promulgated by the Commissioner of Labor that sets forth a specific standard of conduct (see Ross v Curtis—Palmer Hydro—Elec. Co., 81 NY2d 494, 501—502 [1993]; Copp v City of Elmira, 31 AD3d 899, 899 [3d Dept 2006]; Musillo v Marist Coll., 306 AD2d 782, 783 [3d Dept 2003]).
We reject the holding of the motion court that 12 NYCRR 23-1.7(d) does not apply to the facts here. Section 23-1.7(d) provides, in pertinent part, that no employee shall be permitted "to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition" and requires the removal of any "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing." Here, plaintiff's accident occurred while he was walking on a path in the fenced-in area between the security guard booth and the worksite entrance at Staircase B. The general superintendent for defendant Tishman Construction Corporation (Tishman) swore in his deposition that there was an unpaved path between the booth and the worksite entrance, that it was one of two entrances to the worksite, that it was a "walked path that workers generally took" and that it was "an area that should be kept clear of snow and ice and any other slippery conditions so that workers don't injure themselves[.]" Similarly, the project superintendent for defendant Northbrook Contracting Corporation (Northbrook) testified in his deposition that there was a pathway across the fenced-in area between the main entrance at the guard booth and the building, that many workers walked along that pathway, and that it was Northbrook's responsibility to clear the pathway of snow and ice. In Tishman's accident report, plaintiff stated that he slipped "between the guard booth + building." The report also contained a statement from a witness [*2]who said that he was 10 feet behind plaintiff when he saw him "slip on unshoveled [sic] path between guard booth and [building entrance]." Finally, in Tishman's daily report, which was prepared the morning of plaintiff's accident, the safety manager stated that he "advise[d] the super to clear the workers [sic] walkway of ice and snow and to add salt." When shown this report at his deposition, Tishman's general superintendent agreed that, because the daily report mentioned ice and snow, there must have been ice and snow on the day of plaintiff's accident. Thus, the record sufficiently demonstrates that plaintiff slipped on a walkway within the meaning of 23-1.7(d), and that it was covered with ice and snow.
Moreover, we find that our decision in Quigley v Port Auth. of N.Y. & N.J. (168 AD3d 65 [1st Dept 2018]) supports this result. In that case, the plaintiff slipped on a pile of snow-covered pipes located outside the entrance door to his employer's shanty. We held that there was a question of fact as to whether the accident came within 23-1.7(d). The dissent seeks to distinguish Quigley by pointing out that the area where plaintiff fell was directly outside a door. However, that was not the significant fact in our decision as to whether the accident occurred in an area protected by the statute. Rather, we focused on the fact that the accident occurred in an outdoor area, not in the interior of a building. Specifically, we held that since the area where the accident occurred was not in the interior of a building, it could not be a "passageway" under 12 NYCRR 23-1.7(e)(1), but that it could constitute a "walkway" under 12 NYCRR 23-1.7 (d) (id. at 67-78). Similarly, here, the fact that the area where plaintiff slipped was outdoors does not prevent it from coming within the ambit of 23-1.7(d).
The other cases cited by the dissent are distinguishable. In Smith v Hines GS Props, Inc. (29 AD3d 433 [1st Dept 2008]), we held that the area where the plaintiff fell was not a "passageway" within the meaning of NYCRR § 23-1.7(e)(1); unlike in this case, the plaintiff did not allege that it was a "walkway" within the meaning of 23-1.7(d). The other cases cited by the dissent all involved accidents which occurred in locations which we described as open areas; in none of these decisions do we refer to any testimony or other evidence showing that the area where the incident occurred was used as a walkway (German v Antonio Dev., LLC, 128 AD3d 579, 580 [1st Dept 2015][the plaintiff fell in "open courtyard"]; Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585, 585 [1st Dept 2014][the plaintiff fell in "open, unpaved area"]; Raffa v City of New York, 100 AD3d 558 [1st Dept 2012][accident occurred in an "area" between the parking lot and the worksite]; Ghany v BC Tile Contrs., Inc., 95 AD3d 768, 769 [1st Dept 2012][the plaintiff tripped in an "open, grassy area"]; O'Gara v Humphreys & Harding, 282 AD2d 209, 209 [1st Dept 2001] [the plaintiff [*3]tripped on "muddy ground in an open area exposed to the elements"]. Since we did not find that any of the accidents described in those cases occurred on a path or walkway, we held that their claims did not fall within the purview of 23-1.7(d). Here, in contrast, plaintiff produced evidence from defendants' own employees that the location where plaintiff fell was a pathway, and thus constitutes a walkway within the meaning of 23-1.7(d). In view of the admissions by defendants' employees that plaintiff fell on a walkway, the fact that the walkway on which plaintiff fell was in an open area is not determinative of our analysis.
Moreover, we find that there are no issues of fact to preclude the entry of summary judgment in plaintiff's favor. It was uncontroverted that the path plaintiff slipped on was between the security guard booth and the worksite entrance, that it was one of two entrances to the worksite, that it was generally used by the workers, and that it should have been kept clear of ice and snow to prevent accidents. Therefore, the path that plaintiff slipped on clearly qualifies as a walkway within the meaning of 23-1.7(d).
All concur except Kern, J.
who dissents in a memorandum
as follows:




KERN, J. (dissenting)
 

I would affirm the Supreme Court's order denying plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim on the ground that plaintiff failed to make a prima facie showing that his slip and fall occurred on a walkway within the purview of Industrial Code (12 NYCRR) § 23-1.7 (d).
The majority ignores well-established precedent when it holds that "the fact that the walkway on which plaintiff fell was in an open area is not determinative of our analysis." To the contrary, we have consistently held that 12 NYCRR 23-1.7 (d) does not apply to open outdoor areas such as the area where the accident occurred in this case (see German v Antonio Dev., LLC, 128 AD3d 579, 580 [1st Dept 2015]; Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585, 585-586 [1st Dept 2014]; Raffa v City of New York, 100 AD3d 558, 558-559 [1st Dept 2012]; Ghany v BC Tile Contrs., Inc., 95 AD3d 768, 769 [1st Dept 2012]; O'Gara v Humphreys & Harding, Inc., 282 AD2d 209 [1st Dept 2001]). Raffa (100 AD3d at 558) is on point. In that case, this Court dismissed the plaintiff's Labor Law § 241 (6) claim premised upon 12 NYCRR 23-1.7 (d) on the ground that the open, unpaved, icy area where he slipped as he was going from his car to a trailer on the work site was not a walkway (see also Constantino v Kreisler Borg Florman Gen. Constr. Co., 272 AD2d 361, 362 [2d Dept 2000] [12 NYCRR 23-1.7 [d] not applicable where the plaintiff fell in "the open area of the site along a path formed by the flow of men walking back and forth between the area where their cars were parked and the building under construction"]).
Exactly as in Raffa, plaintiff here fell on an unpaved open outdoor area as he was going from his car [*4]to his work site. The mere fact that workers regularly traversed the open area to gain access to the building and that the people at the construction site called the open unpaved area a walkway or a pathway does not transform the open unpaved area into a walkway (see Smith v Hines GS Props., Inc., 29 AD3d 433 [1st Dept 2006] [open area between the building under construction and the materials storage trailer was not a walkway under the Industrial Code despite the fact that "the tradesman at the site routinely traversed this physically defined area as their only access to equipment and materials"]).
The majority's reliance on Quigley v Port Auth. of N.Y. & N.J. (168 AD3d 65 [1st Dept 2018]) is misplaced because the accident in that case did not occur in an open unpaved area and instead occurred right outside a door leading into a building. In Quigley, we held that there was an issue of fact as to whether the accident occurred in a walkway where plaintiff slipped on a pile of snow-covered pipeslocated directly outside the entrance door of his employer's work site shanty and "[t]here were conflicting accounts of whether the pipes were located in a manner that impeded ingress and egress into the shanty" (id. at 67). Quigley involved an obstruction immediately outside a door, unlike this case, where plaintiff slipped and fell in an open, outdoor area as he traversed a work site. The majority has not cited to one case where we have held that an accident in an open, outdoor area of a worksite is within the scope of 12 NYCRR 23-1.7 (d).
Finally, the majority's assertion that Ghany (95 AD3d at 768) and O'Gara (282 AD2d at 209) are distinguishable because they did not involve allegations that the accidents occurred in a walkway is not accurate. In both cases, the plaintiffs claimed that their accidents occurred in a walkway or pathway within the purview of 12 NYCRR 23-1.7 (d). We simply rejected those claims and held that there was no violation of 12 NYCRR 23-1.7 (d) because the accident did not occur on a walkway or pathway but in an open, outdoor unpaved area, just as in this case. In Ghany, the plaintiff fell in an open grassy area; in O'Gara, the plaintiff fell on muddy ground exposed to the elements; and in our case, the plaintiff fell on dirt in an open unpaved area exposed to the elements. Accordingly, the Supreme Court's order should have been affirmed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020