Lapinsky v Extell Dev. Co. (2022 NY Slip Op 00815)





Lapinsky v Extell Dev. Co.


2022 NY Slip Op 00815


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Index No. 158643/15 Appeal No. 15260 Case No. 2021-00068 

[*1]Ronald Lapinsky, Plaintiff-Appellant-Respondent,
v
Extell Development Company et al., Defendants-Respondents.
Extell Development Company et al., Third-Party Plaintiffs-Respondents,
v
W5 Group LLC, Doing Business as Waldorf Demolition, Third-Party Defendant-Respondent-Appellant.


Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for appellant-respondent.
Russo & Gould, LLP, New York (Alan S. Russo of counsel), for respondent-appellant.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Gerard S. Rath of counsel), for respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered December 8, 2020, which, insofar as appealed from, denied plaintiff's motion for summary judgment on liability on his common-law negligence and Labor Law § 200 claims and Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7(d), granted defendants/third-party plaintiffs' motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 claims and the Labor Law § 241(6) insofar as predicated on Industrial Code § 23-1.7(d), granted third-party defendant W5 Group LLC d/b/a Waldorf Demolition's (W5) motion for summary judgment only to the extent of dismissing the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(d) and denied its motion to the extent it sought summary judgment dismissing the third-party complaint against it, unanimously modified, on the law, to deny defendants/third-party plaintiffs' motion, deny W5's motion to the extent it sought summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code § 23-1.7(d) claim and grant to the extent it sought summary judgment dismissing the third-party complaint's contractual indemnification claims, and grant plaintiff's motion to the extent it sought summary judgment on his common-law negligence and Labor Law § 200 claims against defendant/third-party plaintiff Tishman Construction Corp., and otherwise affirmed, without costs.
Labor Law § 241(6) imposes on owners, general contractors, and their agents a nondelegable duty to provide "reasonable and adequate protection" to workers engaged in construction, demolition, and excavation activities by complying with Industrial Code regulations that specify concrete safety directives, regardless whether they exercised supervision or control over the work (St. Louis v Town of N. Elba, 16 NY3d 411, 413 [2011]; Karwowski v 1407 Broadway Real Estate, LLC, 160 AD3d 82, 85 [1st Dept 2018]). Industrial Code § 23-1.7(d) provides that employers shall not allow any employee to use a "floor, passageway, walkway, scaffold, platform, or other elevated work surface which is in a slippery condition," and specifically enumerates ice and snow as foreign substances that must be removed, sanded, or covered. Plaintiff was allegedly injured at the construction site where he was working when he slipped and fell on snow and ice after he had passed through a perimeter gate, towards his employer's shanty nearby upon arriving for work one morning. Defendant construction manager Tishman's general superintendent for the project testified the shanty area "was commonly used as a roadway for egress" and an "egress path" for workers going from the office trailers on one side of the shanties to the building under construction. Although it is unclear on this record whether there was a defined path where plaintiff fell, it is also unclear whether he was within the "shanty area" that was used as a "roadway for egress" and an[*2]"egress path." Accordingly, issues of fact exist as to whether plaintiff was in a defined walkway within the meaning of Industrial Code § 23-1.7(d) (Potenzo v City of New York, 189 AD3d 705, 705-706 [1st Dept 2020]; Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65 [1st Dept 2018]).
Labor Law § 200 codifies owners' and general contractors' common-law duty to provide construction workers with a safe workplace (Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143 [1st Dept 2012]). Where, as here, such a claim arises from a dangerous premises condition, a defendant will not be liable unless it created the dangerous condition or had both control over the worksite and actual or constructive notice of the condition (Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 556 [1st Dept 2009]). Here, on this record, plaintiff is entitled to summary judgment on his common-law negligence and Labor Law § 200 claims against Tishman where he entered through a gate designated by Tishman for workers to enter which a Tishman employee unlocked each morning, no path was cleared through the snow and ice to provide safe access between the gate and shanties, and Tishman had authority to direct W5 to clear snow and ice (see Maza v University Ave. Dev. Corp., 13 AD3d 65-66 [1st Dept 2004] [general contractor liable under Labor Law § 200 where the plaintiff fell on pieces of wood, sheetrock and snow and ice, and it had authority to direct various trades and its own employees to keep site clean]).
Further, defendants/third-party plaintiffs' contention that Tishman had no notice of the snow and ice condition is unavailing. It was unrefuted that it had snowed in the days prior to plaintiff's accident, the snow covering the ground at the time of his accident was not fresh snow but had been present for at least a day and no snow removal had been performed at all in the entire area where he fell by the gate through which Tishman provided access to the site. However, because the parties do not address whether the other defendants had control over the worksite, neither they nor plaintiff are entitled to summary judgment on the common-law negligence and Labor Law § 200 claims (id.).
The third-party complaint's contractual indemnification claims are barred by the anti-subrogation rule, which precludes an insurer from bringing a claim against its own insured for a risk it covers (North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294 [1993]). This also precludes an indemnitee from bringing claims against an indemnitor when they are covered under the same policy (Wilk v Columbia Univ., 171 AD3d 570, 572 [1st Dept 2019], lv denied 34 NY3d 901, lv denied 34 NY3d 902). Specifically, W5 prima facie established its entitlement to dismissal of the contractual indemnification claims with evidence that it was enrolled in the Owners Controlled Insurance Program. Defendants/third-party plaintiffs failed to raise an issue of fact in opposition. The assertion of the insurer's vice president [*3]in his affidavit that W5's general liability policy under the OCIP had been cancelled was conclusory and they submitted no evidence in support of this conclusory assertion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022