Ponce v City of New York (2023 NY Slip Op 02989)

Ponce v City of New York

2023 NY Slip Op 02989

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, JJ. 

Index No. 24006/14E Appeal No. 409 Case No. 2022-02653 

[*1]Juan Ponce et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants.
Dormitory Authority of the State of New York, Third-Party Plaintiff-Respondent,
v
Jacobs Project Management Co. et al., Third-Party Defendants-Respondents.

Silberstein, Awad & Miklos, P.C., Garden City (Jeffrey Bloomfield of counsel), for appellants.
Cullen and Dykman, LLP, New York (Michael J. Winter of counsel), for Dormitory Authority of The State of New York, respondent.
Law Offices of Cheng & Associates, LLP, Long Island City (Pui Chi Cheng of counsel), for Jacobs Project Management Co., and Arc Electrical & Mechanical Contractors Corporation, respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about May 12, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Dormitory Authority of the State of New York's (DASNY) motion for summary judgment dismissing plaintiffs' common-law negligence and Labor Law §§ 200 and 241 (6) claims as against it, and denied plaintiffs' cross-motion for summary judgment on their Labor Law § 200 claim, unanimously modified, on the law, to deny DASNY's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims, and otherwise affirmed, without costs.
In this action arising from a fall on ice at a construction project, deposition testimony established that DASNY project managers generally arrived at 7:30 a.m. each morning. Given DASNY failed to address the fact with either affidavits or documentary evidence that its employees were not at the project the morning of plaintiff's accident, it failed to make out a prima facie showing that it did not have actual or constructive notice of the condition of the site, which plaintiff described as covered in a large thick sheet of ice (see Singh v Manhattan Ford Lincoln, Inc., 188 AD3d 506, 507 [1st Dept 2020]; Gardner v Tishman Constr. Corp., 138 AD3d 415, 416-417 [1st Dept 2016]). Plaintiff's alleged injury was not caused by a hazard inherent in the work he was obligated to perform. His work was limited to the inside of the structures and not to remedy ice in the area between the buildings where he slipped and fell (cf. Polgano v New York City Educ. Constr. Fund, 6 AD3d 222 [1st Dept 2004], lv denied 3 NY3d 601 [2004]). Accordingly, DASNY was not entitled to dismissal of the common-law negligence or Labor Law § 200 claims against it. Conversely, plaintiffs were not entitled to summary judgment on their Labor Law § 200 claim, as questions of fact exist regarding notice (see Langer v MTA Capital Constr. Co., 184 AD3d 401, 402 [1st Dept 2020]).
The motion court correctly dismissed plaintiff's Labor Law § 241 (6) claim. The location of plaintiff's fall, which he described as an open area, was not a walkway or pathway so as to implicate Industrial Code (12 NYCRR) § 23-1.7 (d) (see German v Antonio Dev., LLC, 128 AD3d 579, 580 [1st Dept 2015]; Jennings v Lefcon Partnership, 250 AD2d 388, 389 [1st Dept 1998], lv denied 92 NY2d 819 [1999]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023