| |
|---|
| **Ordonez v USM Asset Trust Series - 7** |
| 2024 NY Slip Op 32296(U) |
| July 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152146/2019 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

----------------------------------------------------------------------------------X

BOLIVAR CARCHI ORDONEZ,

|                    |            |
|--------------------|------------|
| **INDEX NO.**      | 152146/2019 |

Plaintiff,

- v -

**MOTION DATE** 06/20/2023, 06/27/2023, 06/27/2023, 06/27/2023

USM ASSET TRUST SERIES - 7, EMPIREHD,
INC.,PENRITH URF, LLC,DIXON PROJECTS, LLC,

**MOTION SEQ. NO.** 002 003 004 005

Defendant.

**DECISION + ORDER ON
MOTION**

----------------------------------------------------------------------------------X

EMPIREHD, INC.

Third-Party
Index No.  595472/2019

Plaintiff,

-against-

VICTORIO'S CONTRACTING, INC.

Defendant.
----------------------------------------------------------------------------------X

DIXON PROJECTS, LLC

Second Third-Party
Index No.  595267/2022

Plaintiff,

-against-

VICTORIO'S CONTRACTING, INC.

Defendant.
----------------------------------------------------------------------------------X

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 161, 162, 163, 164, 165, 166, 178, 182, 186, 187, 188, 190, 191, 192, 193, 199, 203, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 232, 238, 242, 243, 248, 255, 256

were read on this motion to/for            JUDGMENT - SUMMARY                .

**152146/2019   CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7**          **Page 1 of 9**
**Motion No.  002 003 004 005**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 179, 183, 189, 198, 200, 204, 228, 229, 230, 233, 236, 237, 239, 244, 245, 249, 252, 260

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 167, 168, 169, 170, 180, 184, 194, 195, 196, 197, 201, 205, 234, 240, 246, 250, 253, 257

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 171, 172, 173, 174, 175, 176, 177, 181, 185, 202, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 235, 241, 247, 251, 254, 258, 259

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Plaintiff Bolivar Carchi Ordonez ("Plaintiff") commenced this action alleging violations of Labor Law sections 240(1), 241(6), and 200 arising out of a workplace accident at a brownstone being renovated at 221 West 137th Street in Manhattan on February 19, 2019. Plaintiff had been removing construction debris from inside the brownstone when he stepped on a crack in the exterior front staircase, slipped, fell, and sustained injuries.

The property is owned by defendants USM Asset Trust Series – 7 ("USM") and Penrith URF ("Penrith") (collectively "Owners"). The Owners had retained defendant Dixon Projects LLC ("Dixon") to serve as construction manager for the project. Dixon then retained defendant EmpireHD Inc. ("EmpireHD") as the general contractor pursuant to a trade contract dated January 16, 2018 (NYSCEF Doc. No. 117, 11). That contract was subsequently amended, and Dixon was replaced by Penrith (*id*.). Plaintiff's employer, third-party defendant Victorio's Contracting, Inc. ("Victorio's") was a subcontractor hired by EmpireHD to perform interior carpentry, drywall, spackle, and paint work pursuant to a subcontract (NYSCEF Doc. No. 96, Subcontract).

152146/2019   CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7                    Page 2 of 9
Motion No.  002 003 004 005

2 of 9

[* 2]

After Plaintiff commenced this action, the Owners and Dixon each asserted crossclaims for indemnification against EmpireHD, while EmpireHD and Dixon each commenced third-party actions for indemnification against Victorio's. The instant motions, brought by the Owners, Dixon, EmpireHD, and Victorio's, seek summary judgment dismissing Plaintiff's complaint in the main action, and for summary judgment in their favor as to crossclaims and/or third-party claims asserted by them and for dismissal of those claims asserted against them. The motions are consolidated herein for disposition.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Plaintiff does not oppose the branch of each motion seeking dismissal of his Labor Law § 240(1) cause of action (NYSCEF Doc. No. 242, Plaintiff aff in opposition at ¶ 7). This cause of action is therefore dismissed.

The Court finds that Plaintiff's Labor Law § 241(6) cause of action must also be dismissed. Section 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection to persons employed in . . . all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Constr. Co.*, 91 NY2d 343, 348-349 [1998]). To establish a defendant's liability under Section

152146/2019   CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7          Page 3 of 9
Motion No.  002 003 004 005

3 of 9

[* 3]

241(6), "a plaintiff must show that a specific, applicable Industrial Code regulation was violated and that the violation caused the complained-of injury" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012], citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). In this action, Plaintiff asserts the defect was a tripping hazard in a passageway in violation of 12 NYCRR 23-1.7(e)(1). This section provides, in relevant part, that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping." Where the site of an accident is not in the interior of a building, it cannot be a "passageway" for the purposes of the regulation (*see Potenzo v City of New York*, 189 AD3d 705, 707 [1st Dept 2020]). Here, there is no dispute that Plaintiff's fall occurred on the exterior stairs of a brownstone. As the site of the accident did not occur within a passageway as defined by 12 NYCRR 23-1.7(e)(1), the branch of each motion seeking dismissal of Plaintiff's section 241(6) cause of action is granted (*Potenzo*, 189 AD3d at 707).

The Owners, EmpireHD and Dixon further move to dismiss Plaintiff's Labor Law § 200 and common law negligence claims. Section 200 codifies the common law duty of owners and general contractors to provide a safe workplace to construction site workers (*Comes v NY State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*Cappabianca*, 99 AD3d at 144). A defect that is trivial as a matter of law does not give rise to liability; however, "a holding of triviality [must] be based on all the specific facts and circumstances of the case, not size alone" (*Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66, 77 [2015]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability . . . is generally a

152146/2019   CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7          Page 4 of 9
  Motion No.  002 003 004 005

[* 4]                                    4 of 9

question of fact for the jury" (*id.*, quoting *Trincere v County of Suffolk*, 90 NY2d 976, 978 [1997]).

Here, it is undisputed that the crack was openly present on the staircase well before Plaintiff's accident. He characterized the defective portion of the staircase as a crack longer than one foot and about an each deep (NYSCEF Doc. No. 88, Plaintiff EBT at 80; NYSCEF Doc. 89, Plaintiff EBT Part 2 at 36). EmpireHD and Dixon contend that the crack in the staircase was a trivial defect that caused no more than a one-eighth of an inch height differential as testified to by Vincent Farese, a project manager for EmpireHD (NYSCEF Doc. No. 90, Farese EBT at 54-57). Although the parties submit photographs of the staircase and the defect that Plaintiff claims caused his fall, none of these contain an indication about the height differential caused by the defect and no other evidence about its size is proffered. The Court therefore finds that there is an issue of fact as to whether the defect was trivial. The branch of the Owners and Empire HD's motions for summary judgment dismissing Plaintiff's Labor Law § 200 claim is therefore denied.

Dixon additionally argues that it cannot be held liable under Labor Law § 200 for injuries caused by a defective condition because it was not an agent of the Owners for the purposes of the Labor Law. A defendant may be held liable as a statutory agent of the owner or general contractor where it had the authority to supervise and control the injury-producing work (*Santos v Condo 124 LLC*, 161 AD3d 650, 653 [1st Dept 2018], citing *Walls v Turner Consr. Co.*, 4 NY3d 861, 864 [2005]). Here, the Court finds that Dixon establishes that it was not a statutory agent of the owner or general contractor. Dixon's project manager, Elizabeth Brouhard, testified that Dixon personnel were only on-site at the premises one or two times per week and that they did not have the authority to stop unsafe work practices and would only notify the contractor about such practices (NYSCEF Doc. No. 91, Brouhard EBT at 23-24). Furthermore, Plaintiff

152146/2019   CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7      Page 5 of 9
Motion No.  002 003 004 005

5 of 9

testified that he only received instruction and supervision from his manager (Plaintiff EBT at 107). Plaintiff fails to submit any evidence creating an issue of fact as to whether Dixon was a statutory agent of the Owners. Summary judgment is therefore granted in Dixon's favor and Plaintiff's Labor Law § 200 and negligence causes of action against it are dismissed.

The defendants also seek summary judgment as to the indemnification claims asserted. Specifically, the Owners move for summary judgment on their contractual indemnification crossclaims against EmpireHD and Victorio's; EmpireHD moves for summary judgment on its third-party contractual indemnification claim against Victorio's; Dixon moves for summary judgment on its contractual indemnification claims against EmpireHD and Victorio's; and Victorio's opposes these motions and moves for summary judgment dismissing all claims against it for contractual indemnification, common law indemnification, breach of contract, and contribution.

At the outset, Dixon's motion is denied as moot in light of the dismissal of the entirety of Plaintiff's Complaint against it. The Court further grants the branch of Victorio's motion seeking dismissal of EmpireHD's common law indemnification claims against it. The Court has dismissed Plaintiff's Labor Law 240(1) and 241(6) claims and there is consequently no vicarious liability for which EmpireHD could seek common law indemnity (*see Naughton v City of New York*, 94 AD3d 1, 11 [1st Dept 2012]).

In its Third-Party Complaint, EmpireHD alleges Victorio's breached its subcontract by failing to procure insurance. The Subcontract requires Victorio's to obtain a policy which was to, *inter alia*, "include contractual liability coverage and additional insured coverage for the benefit of Empire" with minimum limits of $1,000,000 per occurrence for "claims arising out of or resulting from [Victorio's] Work under this Master Agreement" (NYSCEF Doc. No. 96,

152146/2019  CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7          Page 6 of 9
  Motion No.  002 003 004 005

6 of 9

[* 6]

Subcontract at Article 23). Victorio's now seeks summary judgment dismissing this cause of action and submits a copy of its policy with its insurer, Arch Specialty Insurance ("Arch") (NYSCEF Doc. No. 153). The policy includes a "Blanket Additional Insured Endorsement" that specifies that the underlying policy "is amended to include as an additional insured those persons or organizations who are required under a written contract with you to be named as an additional insured" with respect to liability for bodily injuries. It also contains a per-occurrence limit of $1,000,000 and includes a Classification Limitation Endorsement that specifies Victorio's covered activities as: painting of building interiors, drywall installation, and work "in connection with the construction, reconstruction, repair or erection of buildings" (*id*. at 4, 6).

In opposition, EmpireHD argues that Victorio's breached its obligation because Arch denied tender, pointing to a letter from Arch which states that EmpireHD was not named as an additional insured and that the policy did not cover Plaintiff's activity at the time of his injury (NYSCEF Doc. No. 158). The letter asserts that EmpireHD was not an additional insured because Plaintiff's injuries were not caused by the Victorio's work as required by the Blanket Additional Insured Endorsement and that Plaintiff was injured while performing work not covered by the Classification Limitation Endorsement. However, the letter states that it is not a final determination and offers EmpireHD the opportunity to provide Arch with additional information that would affect Arch's coverage position or otherwise dispute its position (*id.* at 7).

The Court finds that Victorio's satisfied its obligation to procure insurance under the Subcontract. The record shows that Victorio's acquired an insurance policy that covered personal injuries arising out of the work it was contracted to perform. EmpireHD does not dispute that Victorio's was hired to perform interior carpentry, drywall, spackle, and paint work (NYSCEF Doc. No. 130, Victorio's Statement of Material Facts ¶ 9; NYSCEF Doc. No. 157,

152146/2019   CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7          Page 7 of 9
Motion No.  002 003 004 005

7 of 9

EmpireHD Response to Statement of Material Facts). The Classification Limitation Endorsement expressly covers this work. It is further undisputed that the Victorio's policy contains a Blanket Additional Insured Endorsement and a per-occurrence limit of $1,000,000 as required by the Subcontract. EmpireHD's breach of contract cause of action against Victorio's is therefore dismissed.

Summary judgment is also denied for all movants with respect to the remaining contractual indemnification claims of EmpireHD and the Owners. Liability has not been determined with respect to Plaintiff's remaining causes of action under Labor Law § 200 and common law negligence and as such there are issues of fact as to the apportionment of responsibility, if any, between EmpireHD, the Owners, and Victorio's (*see, e.g., Cackett v Gladden Props., LLC*, 183 AD3d 419, 422 [1st Dept 2020]).

All other relief sought and not granted herein is denied.

Accordingly, it is hereby:

ORDERED that EmpireHD's motion (Motion Sequence 002) is granted to the extent of dismissing Plaintiff's Labor Law 240(1) and 241(6) causes of action and otherwise denied; and it is further

ORDERED that the motion filed by Victorio's (Motion Sequence 003) is granted to the extent of dismissing Plaintiff's Labor Law 240(1) and 241(6) causes of action, dismissing Dixon's Second Third-Party Complaint as against it, and dismissing EmpireHD's common law indemnification and breach of contract causes of action, and is otherwise denied; and it is further

ORDERED that Dixon's motion for summary judgment (Motion Sequence 004) is granted to the extent of dismissing Plaintiff's Complaint as against Dixon, and otherwise denied; and it is further

152146/2019  CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7
Motion No.  002 003 004 005

Page 8 of 9

8 of 9

ORDERED that USM and Penrith's motion for summary judgment (Motion Sequence 005) is denied in its entirety.

This constitutes the Decision and Order of the Court.

| **7/8/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |

| CHECK ONE: | ☐ | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | X | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152146/2019   CARCHI ORDONEZ, BOLIVAR vs. USM ASSET TRUST SERIES - 7**           **Page 9 of 9**
**Motion No.  002 003 004 005**

[* 9]